## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 - Subchapter V |
| CITE LLC, | Bankruptcy No. 21-13730 |
| Debtor. | Judge Janet S. Baer |
| Robert Handler, not in any capacity other than the Subchapter V Trustee for the CITE, LLC Bankruptcy Estate, | |
| Plaintiff, | Adversary No._____ |
| v. | |
| A. Robert Abboud and Company, | |
| Defendant. | |

### CLAIM OBJECTION AND COMPLAINT TO
### AVOID LIENS, CLAIMS AND FOR OTHER RELIEF

Robert Handler, not in any capacity other than as the Subchapter V Trustee

and/or Plan Administrator for the CITE, LLC Bankruptcy Estate (hereinafter

referred to as the "Trustee" or "Plaintiff"), for his complaint against A. Robert

Abboud and Company (hereinafter referred to as "Claimant" or "Defendant") and for

his claim objection to proof of claim number 9-1 filed by Claimant, states as follows.

### NATURE OF THE CASE

1. Plaintiff seeks judgments against Defendant (a) avoiding Defendant's

judgment lien on the Debtor's real estate as a preference on the grounds it was

obtained within 90 days of the Petition Date, (b) declaring that Defendant is not a

secured creditor of the Debtor and thus the payments Defendant received as

{00230687}

adequate protection are recoverable under § 549 of the Bankruptcy Code to the

extent such payments exceed Claimant's entitlement to a recovery as an unsecured

creditor, (c) reducing Claimant's claim by at least $750,000, and potentially more,

because Claimant has received payment of more than $750,000 on account of its

proof of claim, (d) avoiding as fraudulent conveyances the obligations evidenced by

the promissory note and the two subsequent amendments thereto that form the

basis for Claimant's proof of claim because the Debtor received no consideration, or

very little consideration, in exchange for executing such note and amendments, (e)

finding Claimant is not entitled to post-judgment interest of 12% per annum,

because Illinois law expressly limits post-judgment interest to 9% per annum, (f)

disallowing part of Claimant's claim for legal fees of $164,221.37, because such fees

are not reasonable and are perhaps unconscionable where the record indicates that

Claimant did not need to incur substantial legal fees to obtain a judgment by

confession against the Debtor's principal, Evangeline Gouletas, and because

Claimant's conduct enabled Evangeline Gouletas to divert to herself Debtor's cash

of more than $700,000, and (g) equitably subordinating any remaining claim in

favor of Defendant to all unsecured creditors.

## JURISDICTION AND VENUE

2. This adversary proceeding arises in the captioned chapter 11

bankruptcy case, pending before this Court as case number 21-13730 (the "Case").

3. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter

jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C.

§157(a) and Local Rule 40.3.1(a) of the United States District Court for the

Northern District of Illinois.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has

constitutional authority to enter final judgments and orders thereon. If it is

determined that any portion of this proceeding is not a core proceeding or that a

bankruptcy judge does not have the constitutional authority to enter final

judgments in this proceeding, the Trustee consents, under 28 U.S.C. § 157(c)(2), to a

bankruptcy judge hearing and finally determining the proceeding and entering all

appropriate orders and judgments on a final basis.

5. This Court is the proper venue for this adversary proceeding under 28

U.S.C. § 1409.

## **PARTIES**

6. Plaintiff is the duly appointed Subchapter V Trustee for the bankruptcy

estate created on December 3, 2021 (the "Petition Date") when the Debtor, CITE,

LLC (the "Debtor"), filed a voluntary petition for relief under chapter 11 of the

United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*, the "**Bankruptcy**

**Code**"), thereby commencing the captioned Chapter 11 case (the "Case").

7. On March 25, 2022, the Court entered an order under 11 U.S.C. § 1185

that removed CITE, LLC as debtor-in-possession and provided that under 11 U.S.C.

§ 1183(b)(5), the Debtor's duties under 11 U.S.C. §§ 704(a)(8) and 1106(a)(1), (2),

and (6) will be performed by Plaintiff.

8. Under the Debtor's Plan of Reorganization, Plaintiff has the standing to file this action against Defendant and to seek the relief requested.

9. On February 11, 2022, Defendant filed Proof of Claim No. 9-1, in the Case stating that as of December 3, 2021, it was owed $1,004,515.88, plus additional interest and attorneys' fees that have continued to accrue since the Petition Date (the "**Proof of Claim**" or "**POC**," a copy of which is attached as Exhibit 1). The Proof of Claim alleges that Defendant holds a judgment lien on the Debtor's real property and a citation lien on the Debtor's personal property to secure the amounts owed by the Debtor.

## BACKGROUND FACTS

10. Defendant and Evangeline Gouletas, the owner of the Debtor, entered into a settlement agreement in 2014 and 2022 (the "Settlement Agreements").

11. Under the Settlement Agreements, Defendant alleges that in 2005, Defendant entered into a settlement agreement with Evangeline Gouletas that led to the execution of a $1,000,000 promissory note. Defendant alleges that after 2005, Defendant and Evangeline Gouletas entered into promissory note amendments and modifications. Defendant further alleges that in 2014, Evangeline Gouletas executed mortgages on specific properties at Lake Point Towers Renaissance Plaza as security for repayment of amounts owing from Evangeline Gouletas to Defendant and its principal.

12. In the Settlement Agreements, Defendant has alleged that a dispute arose concerning the 2005 Settlement Agreement, the 2005 Promissory Note, the

2007 Substitute Note, the 2010 Installment Note, the 2010 Promissory Note,
Gouletas' guaranty, and certain mortgages which resulted in the execution of a
Confidential Settlement Agreement and Mutual Release dated as of February 6,
2014 (the "2014 Settlement Agreement").

13. Defendant has further alleged that on or about December 5, 2014, the
Debtor, Skyline at Mary Brickell Village, LP, Skyline on Brickell, Ltd., Lake Point
Tower Renaissance Place, L.L.C., Evangeline Gouletas, and Skyline Equities
Realty, LLC (the previous entities, other than the Debtor, are the "Gouletas
Entities"), executed a promissory note of $530,000, in favor of Defendant (the "2014
Promissory Note").

14. Defendant has further alleged that under a First Amendment to
Promissory Note (the "First Amendment") dated December 5, 2014, it advanced an
additional $150,000, for which the Debtor and the Gouletas Entities are all jointly
liable and that such funds were advanced to pay "certain amounts owed to Alliant
Credit Union and to pay CAM charges owed to Lake Point Tower Renaissance Plaza
("L. PTRP")." The First Amendment, which is dated January 30, 2017, suggests that
Defendant advanced $150,000 to enable one of the Gouletas Entities other than the
Debtor to sell Suites 221, 225, 206, and 213 owned by Lake Point Towers
Renaissance Plaza and that Defendant was to receive approximately $57,520 from
the sales of the foregoing units. The consideration that flowed to the Debtor from
this additional advance and obligation is not known.

15. Defendant has further alleged that under a second amendment to the 2014 Promissory Note dated January 24, 2018 (the "Second Amendment"), Defendant advanced an additional $80,000, for which the Debtor and the Gouletas Entities are all jointly liable and that such funds were advanced to pay "certain amounts owed to Alliant Credit Union" and McHugh Construction. The consideration that flowed to the Debtor from this other advance and obligation is not known.

16. Defendant has further alleged that under a third amendment to the 2014 Promissory Note dated December 5, 2018 (the "Third Amendment"), it granted the Debtor and the Evangeline Entities an additional 90 days to pay the amounts allegedly due from the Debtor and the Evangeline Entities to Defendant.

17. Defendant has further alleged that it initiated an action against Evangeline Gouletas and certain other entities, including the Debtor, in the Circuit Court of Cook County, Law Division (the "Circuit Court"), captioned as *A. Robert Abboud and Company v. Skyline at Mary Brickell Village, LP, Skyline on Brickell, Ltd.. Lake Point Tower Renaissance Plaza. LLC Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas*, Case Number 2020 L 050150 (the "State Court Litigation").

18. Through a confession of judgment, Defendant alleges on October 2, 2020, it obtained judgments in the State Court Lawsuit of $750,333.29 and $4,601.25 against the Debtor and the Gouletas Entities. The judgment is the basis for the amounts Defendant claims it is owed.

## THE JUDGMENT COLLECTION ACTIONS

19. Defendant allegedly served a citation to discover assets upon the Debtor's agent on December 3, 2020, and on Evangeline Gouletas on December 4, 2020. The return date for the initial citation was December 15, 2020.

20. On or about October 3, 2021, which is approximately one-year after the entry of the judgment, Defendant allegedly caused a memorandum of judgment to be recorded against the Debtor's real property (the "**Memorandum of Judgment**").

21. From December 2020 through the petition date of December 3, 2021 (the "**Petition Date**"), Defendant and the Debtor entered into agreed orders continuing the citation against the Debtor and the Gouletas Entities.

22. Most of the agreed orders continuing the citations against the Debtor recited that neither the Debtor, nor its counsel, appeared for the citation examinations. *See* POC 9-1. Under Illinois law, the citations permitted Defendant to obtain documents about the Debtor's financial condition, including its bank transactions and its transfers to Evangeline Gouletas.

23. The citations also restrained the Debtor from transferring its property.

24. There are indicia of collusion between the Debtor and Defendant in connection with the conduct of the Debtor and the Defendant prior to and during the confession of judgment process and the citation to discover assets process.

25. The citations to discover assets were continued without any meaningful appearances by the Debtor for almost a year. This potentially enabled Defendant to keep alive a citation lien during that time period and to prevent other creditors from executing upon the Debtor's property.

26. During the year period while the citations were in effect, including the restraining provisions of the citations, Evangeline Gouletas diverted approximately $725,000 from the Debtor to herself, in apparent violation of the citation restraining provisions and causing a deepening of the Debtor's insolvency.

27. Defendant either knew, should have known, or did not want to know, about the substantial diversions of property by Evangeline Gouletas.  It is possible that Defendant consented to such transfers, benefitted from such transfers or aided and abetted the breach by Evangeline Gouletas of the duty she owed to the Debtor and its creditors. A third-party creditor that is not colluding with a judgment debtor would have prevented the judgment debtor from engaging in substantial fraudulent transfers.

## **THE BANKRUPTCY CASE**

28. The Debtor's largest secured creditor is Republic Bank. On October 8, 2019, Republic Bank Bank filed a complaint in the Circuit Court of Cook County to foreclose its mortgages on the Debtor's real property. As part of that litigation, on November 9, 2019, the Circuit Court appointed a receiver (the "**Receiver**") with respect to the Property.

29. On information and belief, the Debtor stopped paying the mortgages in favor of Republic Bank starting in November 2019.

30. On December 10, 2020, the Receiver filed a Forcible Entry and Detainer Complaint in the Republic Bank foreclosure suit. On or about October 8, 2021, the Circuit Court entered an order indicating that the Debtor would be evicted from the real property it occupied but that such eviction would be stayed until October 31, 2021.

31. The Debtor alleges the state court receiver caused the Cook County Sheriff to take possession of a portion of the Debtor's premises on December 1, 2021, thus interfering with the Debtor's ability to operate its business.

32. As a result of having been evicted, the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on December 3, 2021.

33. The Debtor's bankruptcy petition designated the Debtor as a small business debtor eligible for relief under what is called "Subchapter V" of Chapter 11.

34. As of the Petition Date and after the Petition Date, the Debtor's assets consisted of real property at 505 N. Lake Shore Drive, also known as Lake Point Tower, consisting of units 207, 209, 209-A, 224, and 7000 (the "Real Property"). The Debtor also owned and operated the Cite' restaurant on the 70th floor of Lake Point Tower.

35. One hundred percent (100%) of the Debtor's equity interests are owned by Evangeline Gouletas.

36. On the Petition Date, the United States Trustee appointed Robert Handler as the Subchapter V Trustee in the Case.

37. Shortly after the Case was filed, Republic Bank and the Debtor both asserted their rights to be in possession of the Real Property. Republic Bank did so by filing a motion to allow the Receiver to remain in possession of the Real Property pursuant to §543 and a motion to modify the automatic stay. The Debtor did so by filing an adversary proceeding to require the Receiver to turn over the Real Property.

38. On December 21, 2021, the Court held an evidentiary hearing on the competing motions filed by the Debtor and Republic Bank. The Court subsequently denied Republic Bank's request to keep the receiver in possession of the Real Property. The Court also entered an order authorizing the Debtor to use cash collateral to operate.

39. On March 3, 2022, the United States Trustee moved to dismiss or Convert the Debtor's Case under 11 U.S.C. § 1112(b) ("Motion to Dismiss"). On March 16, 2022, the United States Trustee moved to remove the Debtor in Possession ("Motion to Remove").

40. On March 25, 2022, the Court granted the Motion to Remove. [Dkt. No. 137] Among other things, that order removed Cite LLC as debtor-in-possession under 11 U.S.C. § 1185 and provided that under 11 U.S.C. § 1183(b)(5), the Debtor's duties under 11 U.S.C. §§ 704(a)(8) and 1106(a)(1), (2), and (6) will be performed by

- 10 -

Robert Handler, the Subchapter V Trustee. The Motion to Dismiss was withdrawn on that date.

41. The Court entered cash collateral orders during the Case that provided for payments to Defendant of amounts ranging from $7,500 to lesser sums. On information and belief, Defendant received $79,000 from the Debtor subsequent to the Petition Date.

42. On May 13,2022, Defendant entered into a post-petition settlement agreement with Evangeline Gouletas (the "Post-petition Settlement Agreement").

43. Pursuant to the Post-petition Settlement Agreement, Defendant received from Evangeline Gouletas as payment on the amount owed to it by the Debtor, a conveyance of title to two parcels of real estate located at 2101 Brickell Avenue, Florida. The Post-petition Settlement Agreement recites the properties were worth $750,000, and that the properties were subject to mortgages in favor of Velocity Capital for $100,011.48 and $162,024.

## COUNT I:
## CLAIM OBJECTION BASED ON NO AMOUNT BEING DUE TO DEFENDANT OR, IN THE ALTERNATIVE, THE AMOUNT OWED BEING REDUCED BY PAYMENTS RECEIVED

44. Plaintiff alleges in this Count of the Complaint all of the foregoing allegations as if specifically set forth below.

45. The Proof of Claim states that the entire balance is secured by judgment liens on real estate and "all personal property."

46. The Proof of Claim alleges that Defendant is entitled to interest at the rate of 12% per annum and the total interest charged at that rate is $89,972.23.

47. The Proof of Claim alleges that Defendant is entitled to recover attorneys' fees and costs of $164,221.37. On information and belief, the judgment entered in favor of Defendant on October 2, 2020, included the attorneys' fees owed as of that date.

48. The Proof of Claim also states that the Loan Documents and Judgment entitle Defendant to reasonable attorneys' fees and costs in connection with the enforcement thereof.  The amount listed is for services rendered and expenses incurred by Defendant's litigation counsel, Tabet DiVito & Rothstein L.L.C., prior to the petition date.

49. "A creditor has a duty to credit all payments that reduce the amount of its proof of claim. When a previously filed proof of claim is incomplete or inaccurate, the proof of claim must be updated by the filing party." *In re DLN Props.*, No. 17-10554, 2018 US Dist. LEXIS 105597, at *11 (ED La. June 25, 2018).

50. Among other items, the duty to amend a claim to reflect a payment emanates from Federal Rule of Bankruptcy Procedure 9011 and a litigant's duty of candor. *See Hannon v. Countrywide Home Loans, Inc. (In re Hannon)*, 421 BR 728, 730 (Bankr. MD Pa. 2009).

51. Defendant has received property with a gross value of at least $750,000 in partial or full satisfaction of the POC. This property was received post-petition and Defendant should have amended its POC to account for this property.

52. Additionally, the POC indicates that Defendant received proceeds from the sale of property owned by Evangeline Gouletas at Lake Point Tower.

53. Defendant's POC should be reduced by the value of the property that Defendant received, including the property received as a result of the Post-petition Settlement Agreement.

54. The secured portion of Defendant's POC also should be reduced by the post-petition payments Defendant received from the Bankruptcy Estate.

WHEREFORE, for all of the foregoing reasons, Plaintiff seeks a judgment on this Count in his favor and against the Defendant, that, among things:

(1) Disallows a portion of the POC by at least the amount received on account of the Post-petition Settlement Agreement.

(2) Disallows some or all of the POC by the actual value of the properties surrendered by Evangeline Gouletas to Defendant.

(3) Disallows the POC, including any portion of it that is secured by the value of the post-petition payments the Bankruptcy Estate made to Defendant.

(4) Disallows the POC in the amount of any other consideration or property that Defendant received on account of the amounts set forth in the POC.

## COUNT II:
## CLAIM OBJECTION – UNENFORCEABILITY OF CLAIM

55. Plaintiff alleges in this Count of the Complaint all of the foregoing allegations as if specifically set forth below.

56. Section 502(b)(1) of the Bankruptcy Code provides that a proof of claim is allowed except to the extent it is unenforceable under applicable non-bankruptcy law.  11 U.S.C.A § 502(b)(1) (claim disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.").

57. Some or all of the POC is unenforceable under applicable non-bankruptcy law.

58. The POC seeks recovery of post-judgment interest of $89,972.23. This amount is based upon a calculation of interest at 12% per annum.

59. Illinois law limits post-judgment interest to 9% per annum. Any amounts Defendant seeks that exceed 9% per annum are thus not permitted and should be disallowed.  *See* 735 ILCS 5/2-1303 ("judgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied").

60. The POC also seeks to recover attorneys' fees of $164,221.37. The POC indicates the judgment amount reflects attorneys' fees Defendant incurred through October 2020. The POC is thus seeking $164,221.37 for post-judgment legal services – i.e., from October 2020 through December 3, 2021. Defendant is barred by res

judicata and the merger doctrine from seeking attorneys' fees that were incurred

after the entry of the judgment.

61. The POC asserts that the fees of $164,221.37 incurred through the 14

months between the judgment date and the Petition Date are reasonable. The POC

fails to attach any invoices invoices or other data to provide a foundation or

framework for evaluating the reasonableness of the requested fees. Defendant has

the burden of proof to establish that its fees are reasonable and it has failed to meet

that burden of proof. *See Heller Fin., Inc. v. Johns-Byrne Co.*, 264 Ill. App. 3d 681,

690, 637 N.E.2d 1085, 1092, 202 Ill. Dec. 349, 356, 1994 WL 284579 (1st Dist. 1994)

("The litigant seeking the legal fees bears the burden of proving the reasonableness

of its petition for fees, and therefore, must provide the court with sufficient evidence

with which it may make an informed assessment of the reasonableness of the fees

desired.").

62. A review of the POC also indicates Defendant's claim for attorneys'

fees is not reasonable. The POC indicates Defendant's post-judgment collection

actions were limited to short court appearances for the entry of multiple agreed

orders entering and continuing the citation served upon Cite. Reasonable fees for

these tasks, which involved Zoom appearances in the Circuit Court, are less than

$5,000.

63. Defendant's POC also should be reduced by the payments it received.

64. Defendant's POC also should be denied in its entirety under 502(d) until such time as Defendant repays or returns any transfers that are avoidable under 547.

WHEREFORE, for all of the foregoing reasons, Plaintiff requests the entry of judgment in its favor and against Defendant, that, among things:

(1) Reduces the POC in an amount equal to the improper calculation of post-judgment interest.

(2) Reduces the POC in an amount equal to the improper or unreasonable attorneys' fees.

(3) Reduces the POC by at least the amount received on account of the Post-petition Settlement Agreement and other amounts.

(4) Disallows the POC under Section 502(d) as a result of Defendant's receipt and retention of avoidable transfers

(5) Provides such other and further relief as is just and proper.

## COUNT III:
## AVOIDANCE OF CLAIM AND LIENS AS 90-DAY PREFERENCES

65. Plaintiff alleges in this Count of the Complaint all of the foregoing allegations as if specifically set forth below.

66. Section 547 of the Bankruptcy Code permits the avoidance of a transfer of an interest in property made within 90 days of the Petition Date, or within one year of the Petition Date for transfers to insiders.

67. If a transfer is made within the applicable reachback period under Section 547, it may be avoided if the transfer (i) was made on account of an antecedent debt, (ii) was made to or for the benefit of a creditor, (iii) was made at a time when the debtor was insolvent and (iv) enabled the creditor to receive a greater recovery on its claim than it would have received if the transfer had not been made and the creditor received payment in accordance with the priority scheme under chapter 7.

68. On or about October 3, 2021, Defendant recorded a memorandum of judgment against the Debtor and by doing so alleges it obtained a judgment lien against the Debtor's real estate.

69. The act of recording the memorandum of judgment and obtaining a lien constitutes a transfer of an interest in the Debtor's property under the Bankruptcy Code (the "**October 2021 Transfer**").

70. The October 2021 Transfer occurred within 90 days of the Petition Date at a time when the Debtor was insolvent. The Debtor was insolvent because its assets were less than its liabilities. There also is a presumption that the Debtor was insolvent within 90 days of the Petition Date.

71. The October 2021 Transfer and the resulting lien enables Defendant to receive more than it would receive if (a) the Case were under Chapter 7 of the Bankruptcy Code, (b) the October 2021 Transfer had not occurred and (c) Defendant

received payment of its unsecured claim to the extent provided under the Bankruptcy Code.

72. The October 2021 Transfer and the resulting lien should be avoided.

WHEREFORE,  For this Count of the Complaint, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, that, among things:

(1) Pursuant to Sections 547 and 550 of the Bankruptcy Code, avoids any judgment lien or other lien in favor of Defendant against the Debtor's real property or the proceeds of such real property.

(2) Pursuant to Section 551 of the Bankruptcy Code, preserves any avoided lien for the benefit of the Bankruptcy Estate.

## COUNT IV:
## ONE-YEAR PREFERENCE PERIOD

73. Plaintiff alleges in this Count of the Complaint all of the foregoing allegations as if specifically set forth below.

74. Section 101 of the Bankruptcy Code defines an insider of a corporation as a director, officer, person in control of the debtor, partnership in which the debtor is a general partner; general partner of the debtor, or a relative of a general partner, director, officer, or person in control of the debtor.

75. The definition of an insider is not exhaustive. An entity may be an insider if they have control over the debtor or a relationship beyond the typical debtor-creditor relationship.

76. The indicia of Defendant's control over the Debtor and Defendant's unique relationship with the Debtor consists of (i) the Debtor and Defendant acted in concert in the citation proceedings by allowing the citation to discover assets to be continued through agreed orders and without any apparent investigation of the Debtor's assets or transfers, (ii) the Defendant's lax enforcement of its rights under the citation proceeding facilitated and enabled the Debtor's sole member and owner, Evangeline Gouletas, to fraudulently convey to herself over $700,000 of the Debtor's assets within the year before the Petition Date, (iii) Defendant used the leverage it had over Evangeline Gouletas to obtain benefits from the Debtor that were not warranted, including the Debtor's execution of the 2014 Promissory Note and each of the subsequent amendments, (iv) the Debtor did not seek to vacate or challenge the confession of judgment that was entered against it in October of 2020, notwithstanding the fact that Judges in the Circuit Court of Cook ordinarily refuse to enter judgments by confession or vacate such judgments if a defendant seeks such relief, (v) the Debtor is a single member limited liability company owned by Evangeline Gouletas, and (vi) Evangeline Gouletas and Defendant had a long-term business relationship that enabled Defendant to render Evangeline Gouletas judgment-proof and to thereby evade financial responsibility for diverting the Debtor's revenue.

77. Defendant contends that on December 3, 2020, or within one year of the Petition Date, it served a citation to discover assets on the Debtor.

78. Defendant contends that it obtained a citation lien upon the Debtor's assets (the "**Citation Lien**") when it served the citation upon the Debtor on December 3, 2020.

79. Defendant served the citation to discover assets within the year prior to the Petition Date and any Citation Lien obtained was within one year of the Petition Date.

80. Obtaining any Citation Lien upon the Debtor's assets constitutes a transfer that is avoidable if obtained within the applicable reach-back period.

81. To the extent Defendant is an insider of the Debtor, Defendant is subject to the expanded one-year reach-back period under Section 547.

82. As a transfer of an interest in the Debtor's property, the Citation Lien is a transfer that was made to a creditor and on account of an antecedent debt.

83. The Citation Lien was obtained at a time when the Debtor was insolvent. The Debtor was insolvent because the value of its assets was less than the value of its liabilities.

84. The Citation Lien enables Defendant to obtain a greater recovery in this Case than Defendant would have received had it not obtained the Citation Lien

and instead received payment in accordance with the Bankruptcy Code's priority scheme.

85. To the extent Defendant is an insider, the Citation Liens obtained by Defendant should be avoided.

WHEREFORE,  For this Count of the Complaint, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, that, among things:

(1) Pursuant to Sections 547 and 550 of the Bankruptcy Code, avoids any citation lien or other lien in favor of Defendant against the Debtor's personal property or the proceeds of such property, to the extent Defendant is an insider of the Debtor.

(2) According to Section 551 of the Bankruptcy Code, preserves any avoided lien for the benefit of the Bankruptcy Estate.

### COUNT V:
### AVOIDANCE OF DEBT AS FRAUDULENT CONVEYANCE

86. Plaintiff alleges in this Count of the Complaint all of the preceding allegations as if expressly set forth below.

87. Section 544 of the Bankruptcy Code authorizes Plaintiff to avoid an obligation incurred by the Debtor to the extent an unsecured creditor would have the same right to avoid the obligation under non-bankruptcy law.

88. There are at least three separate statutory grounds for a creditor to avoid the obligations the Debtor incurred to the Defendant. The first is the Illinois Fraudulent Transfer Act (the "IUFTA"), the second is 28 U.S.C. § 3304 (the Federal Debt Collection Procedures) and the third is 26 U.S.C. § 6502(a)(1) (the Internal Revenue Code). The reach-back period under the IUFTA is 4-years, it is 6-years under the Federal Debt Collection Procedures Act and 10-years under the Internal Revenue Code.

89. The IUFTA reachback period applies because there are multiple creditors who hold claims against the Debtor.

90. The reachback periods under the Federal Debt Collection Practices Act and the Internal Revenue Code apply because the Internal Revenue Service filed a proof of claim and is thus a creditor.

91. A trustee that uses the reachback periods for the Federal Debt Collection Practices Act or the Internal Revenue Code can apply the substantive law of the IUFTA.

92. The IUFTA provides, among other things, that a transfer is fraudulent as to a future creditor or an existing creditor if the Debtor made the Debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the obligation and the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (ii) intended

to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they become due.

93. Section 6 of the IUFTA provides that a "transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation." 740 ILCS 160/6(a).

94. Section 5 of the IUFTA further provides that a constructively fraudulent transfer occurs when the transfer is made "without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor intended to incur, or believed or reasonably should have believed that [it] would incur, debts beyond [its] ability to pay as they became due." *Id.* at (a)(2)(B

95. The Debtor incurred the following obligations to Defendant within the following reach-back periods:

| Obligations | Date Incurred | Reachback Period | Consideration to Debtor |
| --- | --- | --- | --- |
| $530,000 Note | December 5, 2014 | 10 years under IRC. | No known consideration |
| $150,000 Debt | January 30, 2017 | Five years under IRC. and FDCPA. | No known consideration |
| $80,000 Debt | January 24, 2018 | IUFTA., IRC. an FDCPA. | No known consideration |
|  |  |  |  |

96. The debts the Debtor incurred to Defendant, including the $530,000 note, the $150,000 note, and the $80,000 note, were incurred when the Debtor was

insolvent, generally not paying its debts as they became due or lacked adequate capital.

97. Each of the foregoing obligations the Debtor incurred are available as constructive fraudulent conveyances.

WHEREFORE,  For this Count of the Complaint, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant, that, among things:

(1) Pursuant to Sections 544 and 550 of the Bankruptcy Code, avoids any obligations the Debtor owes to Defendant as fraudulent conveyances.

(2) Section 551 of the Bankruptcy Code, preserves any avoided lien for the benefit of the Bankruptcy Estate.

## COUNT VI:
## EQUITABLE SUBORDINATION

98. Plaintiff alleges in this Count of the Complaint all of the preceding allegations as if expressly set forth below.

99. Section 510(c) of the Bankruptcy Code allows the Court to subordinate a claim where a creditor has engaged in some type of inequitable conduct, that conduct resulted in injury to creditors or conferred some unfair advantage on the creditor and equitable subordination is not inconsistent with provisions of the Bankruptcy Code.

100. When a creditor also is an insider of the Debtor, a lesser showing of misconduct is required to equitably subordinate the creditors' claim.

101. Defendant engaged in the type of misconduct that justifies equitably subordinating its claims to the claims of all other creditors. Among other things, Defendant enabled the Debtor's principal, Evangeline Gouletas, to strip the Debtor of needed cash within a year of the Petition Date. As discussed elsewhere, Defendant served a "citation to discover assets" on the Debtor, which gave Defendant access to all of the Debtor's books and records. Defendant thus knew, or should have known, that Evangeline Gouletas was breaching her duties to the Debtor's creditors.

102. Defendant also acted inequitably by using its control over Evangeline Gouletas and her businesses to force the Debtor to execute the 2014 Promissory Note, the 2017 Amendment to that note, and the 2019 amendment. The Debtor did not obtain any benefits from agreeing to be bound by these obligations.

103. Defendant's inequitable conduct has injured creditors. Among other things, Defendant's complicity in Evangeline Gouletas' diversion of over $700,000 to herself deprived creditors of these funds.

104. Defendant's inequitable conduct also conferred an unfair advantage on Defendant.

105. Subordinating Defendant's claims to the claims of other creditors would be consistent with the provisions of the Bankruptcy Code.

WHEREFORE,  For this Count of the Complaint, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant that, among things:

(1) Equitably subordinates Plaintiff's claim to the claims of all other creditors.

(2) Grants Plaintiff such other and further relief as is just and proper.

Respectfully submitted,

Robert Handler, not in any capacity other than as Subchapter V Trustee for CITE, LLC.

By: /s/William J. Factor
One of His Attorneys

Dated:  December 26, 2022

William J. Factor (6205675)
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
(312) 878-6146
wfactor@wfactorlaw.com

# Exhibit 1 - Proof of Claim

**Fill in this information to identify the case:**

Debtor 1    Cite LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Illinois

Case number    21-13730

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

A. Robert Abboud and Company
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Erich S. Buck, Esq., Adelman & Gettleman, Ltd.<br>Name | A. Robert Abboud, President<br>Name |
| 53 W. Jackson Blvd., Ste. 1050<br>Number    Street | 960 IL Route 22, No. 212<br>Number    Street |
| Chicago    IL    60604<br>City    State    ZIP Code | Fox River Grove    IL    60021<br>City    State    ZIP Code |
| Contact phone   312-435-1050 | Contact phone   224-622-5385 |
| Contact email   ebuck@ag-ltd.com | Contact email   abboud.araco@gmail.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____      Filed on _____
                                                    MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**   $_____1,004,515.88   **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned; judgment

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:   All personal property

**Basis for perfection:**   Judgment liens

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $  5,009,717.36

**Amount of the claim that is secured:**   $  1,004,515.88

**Amount of the claim that is unsecured:**  $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed) 12.00 %

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

|  | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

The **person completing this proof of claim must sign and date it.** FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be **fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  02/11/2022
MM/DD/YYYY

*A Robert Abboud*
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | A. Robert | | Abboud |
|---|---|---|---|
| | First name | Middle name | Last name |

Title: President

Company: A. Robert Abboud and Company
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 960 IL Route 22, No. 212
Number   Street
Fox River Grove   IL   60021
City   State   ZIP Code

Contact phone: 224-622-5385   Email: abboud.araco@gmail.com

## RIDER TO PROOF OF CLAIM FORM OF
## A. ROBERT ABBOUD AND COMPANY

1.      <u>Amount</u>.  The claim amount of $1,004,515.88 set forth in section 7 of the proof of claim is comprised of the following:

        a.      <u>Principal Balance Owed</u>: $750,322.28

The total face amount owing under the Judgment (as defined below) in favor of A. Robert Abboud and Company ("**ARACO**") and against, among others, the Debtor, is $750,322.28 as of July 24, 2020.

        b.      <u>Interest</u>: $89,972.23

Interest calculation is based on the interest rate set forth in the Loan Documents (as defined below) until entry of the Judgment, and at the rate set forth in the Judgment from entry thereof until the petition date.

        c.      <u>Attorneys' Fees and Costs</u>: $ 164,221.37

The Loan Documents and Judgment entitle ARACO to reasonable attorneys' fees and costs in connection with the enforcement thereof. The amount listed herein is for services rendered and expenses incurred by ARACO's litigation counsel, Tabet DiVito & Rothstein LLC, prior to the petition date.

2.      <u>Documents</u>.  The documentation that supports the claim of ARACO in section 8 of the proof of claim includes:

        a.   Promissory Note date December 5, 2014 and amendments thereto (collectively, the "**Loan Documents**");
        b.   Judgment Order entered on October 2, 2020 (the "**Judgment**"), in Case No. 2020 L 050150 in the Law Division of the Circuit Court of Cook County;
        c.   Citation to Discover Assets to Judgment Debtor (the "**Citation**");
        d.   Notice of Filing and Amended Notice of Filing (with proofs of service of the Citation);
        e.   Orders continuing the Citation through the petition date; and
        f.   Memorandum of Judgment.

The foregoing documents are attached hereto. There may be additional documents supporting this proof of claim that are not described or provided herein, including invoices detailing the attorneys' fees and costs of ARACO's litigation counsel (all such documentation, the "**Detailed Support**").  ARACO reserves all of its rights to rely on such additional documents and evidence to the extent relevant and necessary to support its proof of claim. To the extent the Debtor or any other party in interest seeks to review the Detailed Support or any additional documents in ARACO's possession which supports its claim, ARACO will supply such documents upon reasonable request.

1179719v1

3.  <u>Claim Secured</u>.  Per section 9 of the proof of claim, ARACO's claim is secured, in whole or part, by all real and personal property of the Debtor pursuant to the Citation and Memorandum of Judgment. The value of the Debtor's property securing ARACO's claim is based on the values set forth in the Debtor's Bankruptcy Schedule A/B [Dkt. 51]. ARACO has not independently verified the values ascribed by the Debtor to such property, and reserves any and all rights to assert different values and/or contest the Debtor's values.

4.  <u>Reservation of Rights</u>.  ARACO hereby reserves the right to amend, supplement, or withdraw this proof of claim at any time. In addition, ARACO expressly reserves all other rights, remedies, interests, priorities, protections, claims, counterclaims, defenses, setoffs, and recoupments, including all postpetition amounts to which ARACO may be entitled pursuant to 11 U.S.C. § 506(b).

FILED DATE: 3/4/2020 4:29 PM    2020L050150

## PROMISSORY NOTE

Chicago, Illinois
December 5, 2014

FOR VALUE RECEIVED the undersigned SKYLINE AT MARY BRICKELL VILLAGE, LP, a Delaware Limited Partnership (hereinafter referred to as "SMBV"), SKYLINE ON BRICKELL, LTD, a Florida Limited Partnership (hereinafter referred to as "SB"), LAKE POINT TOWER RENAISSANCE PLAZA, LLC, an Illinois Limited Liability Company (hereinafter referred to as "LPTRP"), EVANGELINE GOULETAS, individually (hereinafter referred to as "Gouletas"), SKYLINE EQUITIES REALTY, LLC, and CITE, LLC, an Illinois Limited Liability Company (hereinafter referred to as "CITE"), (together and hereinafter sometimes referred to collectively as "Maker"), hereby promise to pay to the order of A. ROBERT ABBOUD & COMPANY, or its successor or assigns (collectively referred to as "Holder") at 960 W. State Route 22, Suite 212, Fox River Grove, IL 60021, or to such other place as the holder hereof shall, from time to time, designate in writing the principal sum of Five Hundred Thirty Thousand and 00/100 ($530,000) Dollars together with interest on the unpaid principal balance computed from time to time at the rate of Seven Percent (7%) per annum from and including the date hereof, the payment of the full all unpaid principal balance, all accrued interest, late charges, and attorneys' fees, if any, on or before December 5, 2017.

Interest payable under this Promissory Note shall be computed on the basis of a 360 day year and the actual days elapsed.

Notwithstanding anything contained herein to the contrary the full unpaid principal balance and all accrued interest shall be due and payable on December 5, 2017, unless accelerated pursuant to the terms hereof.

FILED DATE: 3/4/2020 4:29 PM   2020L050150

In the event the full unpaid principal and all accrued interest, plus any costs and fees Maker may be obligated for hereunder shall not be made when due, interest on the unpaid principal balance computed from time to time shall be at the rate of Twelve Percent (12%) per annum from and including the due date until paid in full.

The Maker reserves the right to prepay without penalty all or a portion of the outstanding principal balance and any accrued interest at any time. All payments shall be applied first to accrued interest and the balance, if any, shall reduce the unpaid principal balance due.

1.   **SECURITY**

The Payment of this Promissory Note shall be secured by: (i) Second Mortgages on (a) certain premises commonly known as Lake Point Tower Renaissance Plaza, Chicago, Illinois, and (b) commercial space located at the Northeast Corner of the Ground Floor Plaza at Skyline on Brickell designated as "CU-3" and identified in the Second Mortgages (the "Second Mortgages"); and (ii) an Unconditional Guaranty ("Guaranty") executed by Gouletas.

Furthemore, LPTRP grants Holder the right to receive priority payments from the income generated by LPTRP, on a monthly basis, ahead of any and all other payments or distributions except for mortgage interest and pfincipal payments and other normal and customary operating expenses, until such time as this Promissory Note is paid in full and shall further prohibit any cash calls on Holder and protect Holder from any liabilities whatsoever relating to the operations of LPTRP. To facilitate the foregoing, LPTRP shall provide Holder with monthly statements of LPTRP's income and expenses.

2.   **ACCELERATION**

a.     It is agreed that at the election of the holder hereof the principal sum remaining unpaid hereon together with all accrued interest shall become at once due and payable at the

FILED DATE: 3/4/2020 4:29 PM   2020L050150

place aforesaid in the event of default in the payment of principal or interest when due as aforesaid or default in the performance of any of the covenants, obligations or agreements contained in the Second Mortgages or Guaranty referred to above and such default shall continue for a period of thirty (30) days after notice of such default has been given to Maker by the holder hereof (in which event election may be made at any time after the expiration of said thirty (30) day period without notice). Failure to exercise said option however shall not constitute the waiver of the right to exercise the same thereafter. Maker hereby waives demand, protest, notice of non-payment and any and all lack of diligence or delays in collection or enforcement hereof and expressly consents to the extension of time, release of any party liable for this obligation, release of any of the security for this Promissory Note, acceptance of other security therefore or any other indulgence or forbearance which may be made without notice to any party and without in any way affecting the personal liability of any party.

b.       It is further agreed by the Maker that upon default in the payment of principal or interest when due as aforesaid and such default shall continue for a period of Thirty (30) days after notice of such default has been given to Maker by the holder hereof (in which event election may be made at any time after the expiration of said (30) day period without notice to the undersigned), Holder may exercise any and all rights given to it in the Second Mortgages referred to above.

3.   **ATTORNEYS FEES**

In the event of default of any provision, agreement or obligation of this Promissory Note, the Second Mortgages and/or the Guaranty referred to herein, and if this Promissory Note is placed in the hands of an attorney for collection or suit is brought thereon, the undersigned

FILED DATE: 3/4/2020 4:29 PM  2020L050150

agrees to pay all costs and expenses (including but not limited to reasonable attorneys' fees and costs) incurred in connection therewith.

4. **WAIVER**

All parties hereto severally waive presentment for payment, notice of dishonor and protest.

5. **LATE PAYMENT**

Acceptance by the holder of this Promissory Note of any late payment of any installment due under the terms hereof shall not be deemed to be a waiver of the right to demand timely payments in the future.

6. **TRANSFER OF THE PROPERTY OR AN INTEREST IN MAKER**

If any of the following occur:

i) All or any part of the Real Estate described in the Second Mortgages is sold, mortgaged, encumbered or transferred;

ii) Any partnership or membership interest in SMBV, SB, LPTRP, CITE, or Skyline Equities Realty, LLC, is sold, mortgaged, encumbered or transferred; or

iii) Any interest in forthcoming Boat Slip rights are sold, mortgaged, encumbered or transferred,

without Holder's prior written consent, in which Holder may, at its option, require immediate payment in full of all sums secured by this Promissory Note.

7. **INTERPRETATION**

This Promissory Note shall be construed in accordance with and governed by the laws of the State of Illinois. Whenever possible, each provision of this Promissory Note shall be interpreted in such manner as to be effective and valid under applicable law. If any provision of

FILED DATE: 3/4/2020 4:29 PM    2020L050150

this Promissory Note shall be prohibited by or invalid under such law, that provision shall be ineffective to the extent of such prohibition or invalidation without invalidating the remainder of such provision or the remaining provisions of this Promissory Note. Venue for purposes of enforcing any covenant or provisions herein shall lie in any County in the State of Illinois.

8.    **REPRESENTATIONS AND WARRANTIES**

a.    Gouletas hereby agrees, represents and warrants to Holder that, as the sole Member and Manager of SMBV, SB, CITE, LPTRP and Skyline Equities Realty, LLC, each are hereby fully and legally bound by the terms and provisions hereof and are willing to execute this Promissory Note and to be bound hereby.

b.    Gouletas hereby agrees, represents and warrants to Holder that, as the sole Member and Manager of SMBV, SB, CITE, LPTRP and Skyline Equities Realty, LLC, in making this Promissory Note each are relying on their own investigation, judgment, belief and knowledge and the counsel of their attorneys of choice; and Parties are not relying on representations or statements made by another entity or any person representing them except for the representations and warranties expressed in this Promissory Note.

c.    This Promissory has been negotiated and drafted by all Parties and their representatives. The Parties to this Promissory Note represent and warrant that they have read and understand this Promissory Note and have consulted their respective counsel concerning its legal effect.

d.    To the extent applicable, this Promissory Note is subject to the terms and provisions of the Subordination and Intercreditor Agreement dated on or about December 5, 2014 by and between Alliant Credit Union and A. Robert Abboud and A. Robert Abboud and Company.

FILED DATE: 3/4/2020 4:29 PM     2020L050150

9.    **CONFESSION OF JUDGMENT**

To secure the payment of this Promissory Note, the undersigned, among other things,

hereby authorizes, irrevocably, any attorney of any court of record to appear for the undersigned,

in such court, at any time hereafter, and confess a judgment without process, in favor of Holder,

its successor or assigns for such amount as may appear to be unpaid under this Promissory Note

or any documents secured by this Promissory Note, together with costs of collection, including

attorney's fees and expenses, and to waive an release all errors which may intervene in any such

proceedings, and consent to immediate execution upon such judgment, hereby ratifying and

confirming all that said attorney may do by virtue hereof.

IN WITNESS WHEREOF SMBV, SB, LPTRP, Gouletas, CITE, and Skyline Equities

Realty, LLC have caused this Promissory Note to be executed the day and year first above

written.

SKYLINE   AT   MARY   BRICKELL
VILLAGE LP,
A Delaware limited partnership
By: SAMBV, Inc. a Delaware corporation,
Its: General partner

By: _____
         Evangeline Gouletas
         President

SKYLINE ON BRICKELL, LTD, a Florida
limited Partnership
By: Skyline on Brickell Manager, LLC, an
Illinois Limited liability company, as
general partner

By: _____
         Evangeline Gouletas
         Managing Member

FILED DATE: 3/4/2020 4:29 PM    2020L050150

LAKE POINT TOWER RENAISSANCE
PLAZA, LLC

By: _____
Evangeline    Gouletas,    Its    Sole
Member and Manager


CITE, LLC

By: _____
Evangeline Gouletas, Its Sole Member
and Manager


EVANGELINE GOULETAS

_____


SKYLINE EQUITIES REALTY, LLC

By: _____
Evangeline Gouletas, Its Sole Member
and Manager

FILED DATE: 3/4/2020 4:29 PM   2020L050150

### FIRST AMENDMENT TO PROMISSORY NOTE DATED DECEMBER 5, 2014

Chicago, Illinois<br>
January 30, 2017

This FIRST AMENDMENT TO PROMISSORY NOTE DATED DECEMBER 5, 2014, effective as of January 30, 2017 (this "First Amendment"), is executed by and among A. Robert Abboud and Company ("ARACO"), on the one hand, and Skyline at Mary Brickell Village, LP, Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Evangeline Gouletas, Skyline Equities Realty, LLC, and Cite, LLC (together the "Maker") on the other hand. (Collectively, ARACO and the Maker are referred to in this First Amendment as the "Parties," and each as a "Party".)

RECITALS:

A.     The Parties entered into the Promissory Note dated December 5, 2014, in the principal sum of $530,000, with the full unpaid principal balance and all accrued interest due and payable on December 5, 2017 (the "Promissory Note").

B.     In order for Maker to pay certain amounts owned to Alliant Credit Union ("Alliant") and to pay CAM charges owed to the Lake Point Tower Renaissance Plaza ("LPTRP") condominium association and to facilitate the sale of Suites 221 and 225 at LPTRP, Maker has requested (1) a loan from ARACO in the amount of $150,000, and (2) a six-month extension of the December 5, 2017 maturity date on the Promissory Note.

C.     The Parties have agreed to amend the Promissory Note as set forth below.

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein, the parties agree as follows:

1.     Recitals. All of the recitals and other provisions set forth above in this First Amendment are expressly incorporated herein.

2.     $150,000 Loan from ARACO to Maker. ARACO will loan $150,000 to Maker, which shall be used by Maker to pay outstanding CAM charges at LPTRP and to pay amounts owed to Alliant. $50,000 of this loan is contingent upon Maker entering into an agreement with the LPTRP condominium association's board of directors pursuant to which the condominium association will accept payment of $50,000 toward outstanding CAM charges in exchange for approval of the sale of Suites 221 and 225 at LPTRP.

3.     New Principal Balance on Promissory Note. Contemporaneous with ARACO's loan to Maker, and subject to the contingency set forth in paragraph 2 above as it relates to $50,000 of the $150,000 loan only, $150,000 shall be added to the current principal and interest owed by Maker to ARACO under the Promissory Note. The Parties acknowledge and agree that, as of January 30, 2017, the current principal and interest owed by Maker under the Promissory

01/30/2017  15:41 FAX                                                                    ☒ 0002/0004

Note is $537,696.70, an amount which includes the $150,000 loaned by ARACO to Maker pursuant to this First Amendment.

4.    Extension of Time. The Parties have agreed to a six-month extension of time for Maker to pay and satisfy the Promissory Note in full. Accordingly, the full unpaid principal balance and all accrued interest shall be due and payable on June 5, 2018 unless accelerated pursuant to the terms of the Promissory Note. The Parties further agree that ARACO may, at its sole option and discretion, agree to an additional six-month extension of time for Maker to pay and satisfy the Promissory Note in full (i.e., until December 5, 2018) by written letter.

5.    Representations and Warranties. Maker represents and warrants (1) that there is a sale pending for Suites 221 and 225 at LPTRP to the same buyer for a total price of $137,600; (2) that Maker shall pay ARACO $27,520 from the proceeds of the sale of Suites 221 and 225 at closing; (3) that there are buyers for Suites 206 and 213; and (4) that Maker shall pay ARACO between $45,000 - $50,000 from the proceeds of the sale of Suites 206 and 213 at closing. Maker's payment of the aforementioned amounts from the proceeds of the sale(s) of Suites 206, 213, 221 and 225 to ARACO shall be applied to the outstanding principal balance and any accrued interest on the Promissory Note.

6.    Promissory Note Reaffirmed. The Parties each agree that the entire Promissory Note, as amended by this First Amendment, remains in full force and effect. Other than with respect to the six-month extension of time set forth in paragraph 4 above and the addition of the $150,000 loan to the outstanding principal and interest set forth in paragraph 2 above, the Promissory Note shall remain unchanged in all other respects.

7.    Unconditional Guaranty Reaffirmed. The Parties each agree that the entire Unconditional Guaranty made by Evangeline Gouletas dated December 5, 2014 remains in full force and effect, including with respect to the applicability of this First Amendment to the Promissory Note. Other than with respect to formally acknowledging this First Amendment to the Promissory Note, the Unconditional Guaranty shall remain unchanged.

8.    Facsimile and Counterparts. This First Amendment may be executed by facsimile and in counterparts, each of which (upon execution of a counterpart by each party), individually or taken together, shall constitute a single integrated agreement.

9.    Entire Agreement. This First Amendment contains the entire understanding between the Parties relating to the matters reflected herein.

10.    Non-Reliance. Each of the Parties acknowledges that it has not been induced to enter into this First Amendment and has not executed this First Amendment in reliance upon any promises, representations, warranties or statements except as specifically set forth herein. Each of the Parties knowingly waives any claim that this First Amendment was induced by any misrepresentation or nondisclosure.

11.    Modifications. No part or provision of this First Amendment may be changed, modified, waived, discharged or terminated except by an instrument in writing signed by the

2



01/30/2017 15:42 FAX                                                                    ☐ 0003/0004

FILED DATE: 3/4/2020 4:29 PM   2020L050150

party against whom enforcement of such change, modification, waiver, discharge or termination is sought.

12.    Governing Law.  This First Amendment will be governed by the internal laws of the State of Illinois without regard to its conflict of law principles.

13.    Authority to Execute.  Each of the undersigned individuals signing this First Amendment as an authorized agent of a Party represents that he or she is fully authorized to execute this First Amendment on behalf of his or representative principal and to bind that principal to the terms, conditions and warranties contained herein.

14.    Prior to executing this First Amendment, each Party has consulted with separate and independent legal counsel of its choosing.  Each Party represents and warrants that it has read closely and fully understands the terms, conditions and effect of this First Amendment.

IN WITNESS WHEREOF, A. Robert Abboud and Company, Skyline at Mary Brickell Village, LP, Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Evangeline Gouletas, Skyline Equities Realty, LLC, and Cite, LLC have caused this First Amendment to be executed by their respective officers thereunto duly authorized, as of the date first written above.

A. ROBERT ABBOUD AND COMPANY,

By: _____
     A. Robert Abboud
     President

SKYLINE   AT   MARY   BRICKELL
VILLAGE LP,
A Delaware limited partnership
By: SAMBV, Inc. a Delaware corporation,
Its: General partner

By: _____
     Evangeline Gouletas
     President

3

01/30/2017 15:42 FAX                                                    ⊘0004/0004

FILED DATE: 3/4/2020 4:29 PM  2020L050150

SKYLINE ON BRICKELL, LTD, a Florida
limited Partnership
By: Skyline on Brickell Manager, LLC, an
Illinois Limited liability company, as
general partner

By: _____
Evangeline Gouletas
Managing Member

LAKE POINT TOWER RENAISSANCE
PLAZA, LLC
By: _____
Evangeline    Gouletas,    Its    Sole
Member and Manager

CITE, LLC
By: _____
Evangeline Gouletas, Its Sole Member
and Manger ·

EVANGELINE GOULETAS
_____

SKYLINE EQUITIES REALTY, LLC

By: _____
Evangeline Gouletas, Its Sole Member
and Manager

4

FILED DATE: 3/4/2020 4:29 PM    2020L050150

## SECOND AMENDMENT TO PROMISSORY NOTE DATED DECEMBER 5, 2014

Chicago, Illinois<br>January 24, 2018

This SECOND AMENDMENT TO PROMISSORY NOTE DATED DECEMBER 5, 2014, effective as of January 24, 2018 (this "Second Amendment"), is executed by and among A. Robert Abboud and Company ("ARACO"), on the one hand, and Skyline at Mary Brickell Village, LP, Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Evangeline Gouletas, Skyline Equities Realty, LLC, and Cite, LLC (together the "Maker") on the other hand. (Collectively, ARACO and the Maker are referred to in this Second Amendment as the "Parties," and each as a "Party".)

## RECITALS:

A.      The Parties entered into the Promissory Note dated December 5, 2014, in the principal sum of $530,000, with the full unpaid principal balance and all accrued interest due and payable on December 5, 2017 (the "Promissory Note").

B.      The Parties entered into a First Amendment to Promissory Note dated December 5, 2014, effective as of January 30, 2017 (the "First Amendment").

C.      In order for Maker to pay $71,000 owned to Alliant Credit Union ("Alliant") and to return a $9,000 security deposit to James McHugh Construction, Maker has requested a loan from ARACO in the amount of $80,000.

D.      The Parties have agreed to amend the Promissory Note as set forth below.

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein, the parties agree as follows:

1.      Recitals.  All of the recitals and other provisions set forth above in this Second Amendment are expressly incorporated herein.

2.      $80,000 Loan from ARACO to Maker.  ARACO will loan $80,000 to Maker, which shall be used by Maker to pay amounts owed to Alliant and to James McHugh Construction.

3.      New Principal Balance on Promissory Note.  Contemporaneous with ARACO's loan to Maker, $80,000 shall be added to the current principal and interest owed by Maker to ARACO under the Promissory Note and First Amendment.  The Parties acknowledge and agree that, as of January 24, 2018, the current principal and interest owed by Maker under the Promissory Note as amended is $598,025.33, an amount which includes the $80,000 loaned by ARACO to Maker pursuant to this Second Amendment.

FILED DATE: 3/4/2020 4:29 PM   2020L050150

4.   Interest Rate Applicable to $80,000 Loan.   Maker shall pay interest at a rate of 10% annually on the $80,000 loan that is the subject of this Second Amendment.

5.   Maker to Pay ARACO's Attorney's Fees.   Within 5 business days of the execution of this Second Amendment, Maker shall pay ARACO's attorney's fees incurred in connection with the preparation of this Second Amendment in an amount not to exceed $525.

6.   Promissory Note Reaffirmed.   The Parties each agree that the entire Promissory Note and First Amendment, as amended by this Second Amendment, remains in full force and effect.   Other than with respect to the addition of the $80,000 loan to the outstanding principal and interest set forth in paragraph 2 above, the interest rate set forth in paragraph 4 above and Maker's obligation to pay ARACO's attorney's fees set forth in paragraph 5 above, the Promissory Note as amended shall remain unchanged in all other respects.

7.   Unconditional Guaranty Reaffirmed.   The Parties each agree that the entire Unconditional Guaranty made by Evangeline Gouletas dated December 5, 2014 remains in full force and effect, including with respect to the applicability of this Second Amendment to the Promissory Note as amended.   Other than with respect to formally acknowledging this Second Amendment to the Promissory Note, the Unconditional Guaranty shall remain unchanged.

8.   Facsimile and Counterparts.   This Second Amendment may be executed by facsimile and in counterparts, each of which (upon execution of a counterpart by each party), individually or taken together, shall constitute a single integrated agreement.

9.   Entire Agreement.   This Second Amendment contains the entire understanding between the Parties relating to the matters reflected herein.

10.   Non-Reliance.   Each of the Parties acknowledges that it has not been induced to enter into this Second Amendment and has not executed this Second Amendment in reliance upon any promises, representations, warranties or statements except as specifically set forth herein. Each of the Parties knowingly waives any claim that this Second Amendment was induced by any misrepresentation or nondisclosure.

11.   Modifications.   No part or provision of this Second Amendment may be changed, modified, waived, discharged or terminated except by an instrument in writing signed by the party against whom enforcement of such change, modification, waiver, discharge or termination is sought.

12.   Governing Law.   This Second Amendment will be governed by the internal laws of the State of Illinois without regard to its conflict of law principles.

13.   Authority to Execute.   Each of the undersigned individuals signing this Second Amendment as an authorized agent of a Party represents that he or she is fully authorized to execute this Second Amendment on behalf of his or representative principal and to bind that principal to the terms, conditions and warranties contained herein.

2



FILED DATE: 3/4/2020 4:29 PM    2020L050150

14.    Prior to executing this Second Amendment, each Party has consulted with separate and independent legal counsel of its choosing. Each Party represents and warrants that it has read closely and fully understands the terms, conditions and effect of this Second Amendment.

IN WITNESS WHEREOF, A. Robert Abboud and Company, Skyline at Mary Brickell Village, LP, Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Evangeline Gouletas, Skyline Equities Realty, LLC, and Cite, LLC have caused this Second Amendment to be executed by their respective officers thereunto duly authorized, as of the date first written above.

A. ROBERT ABBOUD AND COMPANY,

By:

_____
A. Robert Abboud
President


SKYLINE    AT    MARY    BRICKELL
VILLAGE LP,
A Delaware limited partnership
By: SAMBV, Inc. a Delaware corporation,
Its: General partner

By: _____
Evangeline Gouletas
President


SKYLINE ON BRICKELL, LTD, a Florida
limited Partnership
By: Skyline on Brickell Manager, LLC, an
Illinois Limited liability company, as
general partner

By: _____
Evangeline Gouletas
Managing Member

3

FILED DATE: 3/4/2020 4:29 PM   2020L050150

LAKE POINT TOWER RENAISSANCE
PLAZA, LLC

By: _____

      Evangeline     Gouletas,     Its     Sole
      Member and Manager


CITE, LLC

By: _____

      Evangeline Gouletas, Its Sole Member
      and Manger


EVANGELINE GOULETAS

_____


SKYLINE EQUITIES REALTY, LLC


By: _____

      Evangeline Gouletas, Its Sole Member
      and Manager

4

FILED DATE: 3/4/2020 4:29 PM    2020L050150

## THIRD AMENDMENT TO PROMISSORY NOTE DATED DECEMBER 5, 2014

Chicago, Illinois
December 5, 2018

This THIRD AMENDMENT TO PROMISSORY NOTE DATED DECEMBER 5, 2014, effective as of December 5, 2018 (this "Third Amendment"), is executed by and among A. Robert Abboud and Company ("ARACO"), on the one hand, and, Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Evangeline Gouletas, Skyline Equities, LLC, and Cite, LLC (together the "Maker") on the other hand. (Collectively, ARACO and the Maker are referred to in this Third Amendment as the "Parties," and each as a "Party".)

RECITALS:

A.      The Parties entered into the Promissory Note dated December 5, 2014, in the principal sum of $530,000, with the full unpaid principal balance and all accrued interest due and payable on December 5, 2017 (the "Promissory Note").

B.      The Parties entered into a First Amendment to Promissory Note dated December 5, 2014, effective as of January 30, 2017 (the "First Amendment").

C.      The Parties entered into a Second Amendment to Promissory Note dated December 5, 2014, effective as of January 24, 2018 (the "Second Amendment").

D.      Payment in full of all outstanding principle and interest under the Promissory Note, as amended, was due on or before December 5, 2018. Maker has not paid the amounts due thereunder and the Promissory Note, as amended, is in default.

E.      Maker has requested an extension of time to pay all principle and interest due under the Promissory Note, as amended, until February 28, 2019.

F.      The Parties have agreed to amend the Promissory Note as set forth below.

NOW, THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein, the parties agree as follows:

1.      Recitals. All of the recitals and other provisions set forth above in this Second Amendment are expressly incorporated herein.

2.      Principal Balance on Promissory Note. The Parties acknowledge and agree that, as of December 5, 2018, the then current principal and interest owed by Maker under the Promissory Note, as amended, is $ 647,120.25.

3.      Pledge of Proceeds from Sales at Lake Point Tower. Until such time as Maker's obligations under the Promissory Note, as amended, and/or the Unconditional Guaranty are fully satisfied, Maker and Ms. Gouletas pledge, covenant, agree and commit that they will promptly

FILED DATE: 3/4/2020 4:29 PM    2020L050150

(*i.e.*, within 2 business days of receipt) remit and pay to ARACO any and all monies, funds, and proceeds that Ms. Gouletas (including but not limited to any affiliated entity) receives or is otherwise entitled to receive for, relating to, arising from or in connection with the sale of any and all property located at Lake Point Tower, located at 505 N. Lake Shore Dr., Chicago, IL.

4.    Pledge of Commission.    As inducement for ARACO to enter into this Third Amendment, Maker represents and warrants that Ms. Gouletas will receive a fee in the amount of approximately $2,000,000 in January 2019 (the " Fee"). With the exception of a $ 400,000 fee owed to a co-broker, Maker and Ms. Gouletas pledge this Commission and agree to use such proceeds to satisfy any and all amounts due and owing under the Promissory Note, as amended, and/or the Unconditional Guaranty.

For the avoidance of doubt, Maker and/or Ms. Gouletas' actual receipt of (or failure to receive) the Fee shall have no affect on Maker's obligation to fully satisfy any and all obligation under the Promissory Note, as amended, on or before February 28, 2019. Maker also agrees and covenants that ARACO may make any UCC filings permitted and allowed by law to perfect its interest in the Commission to satisfy Maker's obligations under the Promissory Note, as amended, and/or the Unconditional Guaranty.

5.    Maker to Pay ARACO's Attorney's Fees.    Within 5 business days of the execution of this Second Amendment, Maker shall pay ARACO's attorney's fees incurred in connection with the preparation of this Third Amendment in an amount not to exceed $525.

6.    Promissory Note Reaffirmed.    The Parties each agree that the entire Promissory Note and First Amendment and Second Amendment, as amended by this Second Amendment, remains in full force and effect. Other than as specifically set forth herein, the Promissory Note as amended shall remain unchanged in all other respects.

7.    Unconditional Guaranty Reaffirmed.    The Parties each agree that the entire Unconditional Guaranty made by Evangeline Gouletas dated December 5, 2014 remains in full force and effect, including with respect to the applicability of this Third Amendment to the Promissory Note as amended.  Other than with respect to formally acknowledging this Third Amendment to the Promissory Note, the Unconditional Guaranty shall remain unchanged.

8.    Facsimile and Counterparts.    This Third Amendment may be executed by facsimile and in counterparts, each of which (upon execution of a counterpart by each party), individually or taken together, shall constitute a single integrated agreement.

9.    Entire Agreement.    This Third Amendment contains the entire understanding between the Parties relating to the matters reflected herein.

10.    Non-Reliance.    Each of the Parties acknowledges that it has not been induced to enter into this Third Amendment and has not executed this Third Amendment in reliance upon any promises, representations, warranties or statements except as specifically set forth herein. Each of the Parties knowingly waives any claim that this Third Amendment was induced by any misrepresentation or nondisclosure.

2

FILED DATE: 3/4/2020 4:29 PM    2020L050150

11.    Modifications. No part or provision of this Third Amendment may be changed, modified, waived, discharged or terminated except by an instrument in writing signed by the party against whom enforcement of such change, modification, waiver, discharge or termination is sought.

12.    Governing Law. This Third Amendment will be governed by the internal laws of the State of Illinois without regard to its conflict of law principles.

13.    Authority to Execute. Each of the undersigned individuals signing this Third Amendment as an authorized agent of a Party represents that he or she is fully authorized to execute this Third Amendment on behalf of his or representative principal and to bind that principal to the terms, conditions and warranties contained herein.

14.    Prior to executing this Third Amendment, each Party has consulted with separate and independent legal counsel of its choosing. Each Party represents and warrants that it has read closely and fully understands the terms, conditions and effect of this Third Amendment.

IN WITNESS WHEREOF, A. Robert Abboud and Company, Skyline at Mary Brickell Village, LP, Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Evangeline Gouletas, Skyline Equities Realty, LLC, and Cite, LLC have caused this Third Amendment to be executed by their respective officers thereunto duly authorized, as of the date first written above.

A. ROBERT ABBOUD AND COMPANY,

By: _____

A. Robert Abboud
President

SKYLINE ON BRICKELL, LTD, a Florida limited Partnership
By: Skyline on Brickell Manager, LLC, an Illinois Limited liability company, as general partner

By: _____
Evangeline Gouletas
Managing Member

3

FILED DATE: 3/4/2020 4:29 PM    2020L050150

LAKE POINT TOWER RENAISSANCE
PLAZA, LLC

By: _____

    Evangeline    Gouletas,    Its    Sole
Member and Manager


CITE, LLC

By: _____

    Evangeline Gouletas, Its Sole Member
and Manger


EVANGELINE GOULETAS

_____


SKYLINE EQUITIES, LLC

By: _____

    Evangeline Gouletas, Its Sole Member
and Manager

4

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

A. ROBERT ABBOUD AND COMPANY,

Plaintiffs,

vs.

SKYLINE AT MARY BRICKELL
VILLAGE, L.P., SKYLINE ON BRICKELL,
LTD., LAKE POINT TOWER
RENAISSANCE PLAZA, LLC, SKYLINE
EQUITIES REALTY, LLC, CITE, LLC, and
EVANGELINE GOULETAS,

Defendants.

No. 2020 L 050150

## JUDGMENT ORDER

This matter coming before the Court on Plaintiff A. Robert Abboud and Company's ("ARACO") Verified Application for Confession of Judgment and Amended and Renewed Motion for Entry of Judgment by Confession, the Court being fully apprised in the premises, **IT IS HEREBY ORDERED**:

1.      ARACO's Verified Application for Confession of Judgment and its Amended and Renewed Motion for Entry of Judgment by Confession are **GRANTED**.

2.      A judgment by confession is entered in favor of ARACO and against Defendants Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally, in the amount of $750,322.28 for amounts due and owing under the Promissory Note (exclusive of attorneys' fees) as of July 24, 2020.

3.      A judgment by confession is entered in favor of ARACO and against Defendants Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally, in the amount of $4,601.25 for its reasonable attorneys' fees and costs expended by ARACO in connection with enforcing the Promissory Note and Unconditional Guaranty;

4.      Post-judgment interest shall accrue on the judgment in the amount of at the rate of
12% per annum from the date this judgment is entered until the date the judgment is fully satisfied.

Dated: _____          ENTERED:

**ORDER PREPARED BY:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC          Judge John J. Curry, Jr.
209 South LaSalle St.
7th Floor                              OCT 02 2020
Chicago, IL 60604
(312) 762-9450                         Circuit Court—2126
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm ID: 32834

I hereby certify that the document to which this
certification is affixed is a true copy.
Date  DOROTHY BROWN  OCT 9 – 2020
        Dorothy Brown
    Clerk of the Circuit Court
      of Cook County, IL.

FILED
11/23/2020 4:32 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L050150

11242974

FILED DATE: 11/23/2020 4:32 PM   2020L050150

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION
## TAX & MISCELLANEOUS REMEDIES SECTION

A. ROBERT ABBOUD AND COMPANY,

        Plaintiffs,

    vs.                        No. 2020 L 050150

SKYLINE AT MARY BRICKELL
VILLAGE, L.P., SKYLINE ON BRICKELL,
LTD., LAKE POINT TOWER           Hearing Date: 12/15/2020 10:00 AM - 10:00 AM
RENAISSANCE PLAZA, LLC, SKYLINE
EQUITIES REALTY, LLC, CITE, LLC, and
EVANGELINE GOULETAS,

        Defendants.

## CITATION TO DISCOVER ASSETS TO JUDGMENT DEBTOR

TO:      **Cite, LLC**
      **c/o Richard E. Schroeder, Registered Agent**
      **5228 Central Avenue**
      **Western Springs, IL 60558**

      **Cite, LLC**
      **c/o Evangeline Gouletas**
      **505 N. Lake Shore Dr.**
      **Suite 207**
      **Chicago, IL 60611**

      **Cite, LLC**
      **c/o Evangeline Gouletas, Manager**
      **2101 Brickell Ave.**
      **Suite 103**
      **Miami, FL 33129**

      **Cite, LLC**
      **c/o Evangeline Gouletas**
      **801 Brickell Avenue**
      **PH-1, Suite 2560**
      **Miami, Florida 33131**

FILED DATE: 11/23/2020 4:32 PM    2020L050150

YOU ARE REQUIRED to appear remotely and/or file your answer to this Citation on December 15, 2020, at 9:30 a.m., before the Honorable Patrick J. Heneghan or the judge otherwise presiding in Courtroom 2503 of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, 50 West Washington Street, Chicago, Illinois, to be examined under oath to discover assets or income not exempt from enforcement of a judgment.

A Judgment Order in favor of A. Robert Abboud and Company and against Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally, was entered on October 2, 2020, in the total amount of $754,923.53, a copy of which is attached as Exhibit 1, and $754,923.53 **remains unsatisfied, not including additional interest due**. Your answer will inform the Court as to Property you may be holding belonging to any of the foregoing judgment debtors.

YOU ARE COMMANDED to produce at the examination: **See Attached Rider A**

YOU ARE PROHIBITED from making or allowing any transfer or disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtors or to which they may be entitled or which may be acquired by or become due to them and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to them, until the further order of court or termination of the proceedings.

**YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL.**

## RIDER A TO CITATION TO DISCOVER ASSETS

You are required to produce and bring with you the following documents to the remote examination and remote hearing regarding this Citation to Discover Assets, on December 15, 2020 at 9:30 a.m.

## DEFINITIONS AND INSTRUCTIONS

1.    Defined Terms.  For purposes of this Rider, the following terms have the following meaning:

a.    "Cite" shall mean Cite, LLC and any of its present or former affiliates, employees, officers, directors, agents, representatives, accountants, attorneys, or any other person acting or purporting to act on its behalf.

b.    "Communication" or "communications" mean any verbal or written statement by one person to, or in the presence of, one or more other persons, including discussions, letters, emails, conversations, consultations, meetings, conferences,

FILED DATE: 11/23/2020 4:32 PM    2020L050150

telephone calls, or any other transfer of information from one person to another, as well as the transfer of documents from one person to another.

c.  "Document" shall be construed as broadly as possible under applicable rules and means, without limitation, all original documents and records and non-identical copies, versions, or drafts, whether in paper or electronic form, statements of witnesses, accounts, accounting records, acknowledgements, affidavits, agreements, analyses, applications, appointment books, articles of incorporation, assignments, audio tapes, audit reports, balance sheets, bills, by-laws, calculations, calendars, charges, charts, checks, check registers, check stubs, communications, computer printouts, contracts, conveyances, corporate minutes and minute books, correspondence, court filings, deposition transcripts, diaries, drafts, electronic mail (e-mail) communications, evaluations, files, financial statements, forms, income statements, indices, instructions, invoices, journals, ledgers, letters, lists, litigation files, log books, loose-leaf binders, memoranda, messages, microfiche, microfilm, minute notebooks, notes, notices, opinions, orders, personnel records, pleadings, pocket calendars, profit and loss statements, receipts, records, records of meetings and conversations of any kind, reports, statements, statements of account, statements of assets and liabilities, studies, summaries, tape recordings, tax returns, telephone lists, telephone logs, telexes, trial transcripts or any other transcripts, and writings of any kind or nature whatsoever.

d.  "Gouletas" shall mean Evangeline Gouletas and any of her present or former affiliates, general or limited partners, members, shareholders, investors, employees, officers, directors, agents, representatives, accountants, attorneys, or any other person acting or purporting to act on her behalf.

e.  "Judgment" shall mean the Judgment Order entered by the Circuit Court of Cook County, Illinois in favor of A. Robert Abboud and Company and against Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally, in the total amount of $754,923.53, excluding additional interest, a copy of which is attached as Exhibit 1

f.  "Judgment Debtors" shall mean any combination of Cite, Gouletas, LRTRP, SB, Skyline Equities, and SMBV, and any of their present or former affiliates, general or limited partners, members, shareholders, investors, employees, officers, directors, agents, representatives, accountants, attorneys, or any other person acting or purporting to act on their behalf.

g.  "LPTRP" shall mean Lake Point Tower Renaissance Plaza, LLC and any of its present or former affiliates, general or limited partners, members, shareholders, investors, employees, officers, directors, agents, representatives, accountants, attorneys, or any other person acting or purporting to act on its behalf.

FILED DATE: 11/23/2020 4:32 PM    2020L050150

h.    "Refer" or "relate" mean directly, indirectly, or logically pertaining to, being connected with, or reflecting upon the subject matter.

i.    "SB" shall mean Skyline on Brickell, Ltd., and any of its present or former affiliates, general or limited partners, members, shareholders, investors, employees, officers, directors, agents, representatives, accountants, attorneys, or any other person acting or purporting to act on its behalf.

j.    "Skyline Equities" shall mean Skyline Equities Realty, LLC and any of its present or former affiliates, general or limited partners, members, shareholders, investors, employees, officers, directors, agents, representatives, accountants, attorneys, or any other person acting or purporting to act on its behalf.

k.    "SMBV" shall mean Skyline at Mary Brickell Village, L.P., and any of its present or former affiliates, general or limited partners, members, shareholders, investors, employees, officers, directors, agents, representatives, accountants, attorneys, or any other person acting or purporting to act on its behalf.

l.    The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to bring within these requests all information that might otherwise be construed as outside their scope.

2.    Instructions.  Comply with all the following instructions when responding to this Rider:

a.    Prepare and produce an affidavit of full compliance with all documents you are required to produce pursuant to this Citation to Discover Assets.

b.    Produce documents from December 5, 2014, to the present, unless otherwise requested.

c.    In the event that you claim privilege with regard to any information sought by these requests:

    i.    identify each document containing the information that you claim is privileged;

    ii.    state the facts and circumstances and the grounds that you claim establish the privilege with sufficient specificity that a court may determine the validity of your claim, including the name of the sender; the name of the author; the name of each person to whom copies were sent; the date of the document; the job title of each sender, author, and recipient; a description of the nature and subject matter of the document; and specify the statute, rule, or decision that is claimed to give rise to the privilege; and

    iii.    produce such information or portion of the document that is not covered by your claim of privilege.

FILED DATE: 11/23/2020 4:32 PM   2020L050150

## DOCUMENT REQUESTS

1.     All documents identifying all bank and/or investment accounts for each and every Judgment Debtor, including without limitation documents identifying bank account numbers, addresses for the main banking office, and the balance of the bank accounts as of the response date or within 12 months prior to the response date.

2.     All documents relating to any and all real estate and personal property that each and every Judgment Debtor currently owns or leases, or previously has owned or leased within the past three years, including without limitation any title policies and mortgage records, and including without limitation any contracts for deeds, certificates of participation, or bills of sale evidencing any ownership interest, legal or equitable.

3.     All documents relating to any motor vehicles, airplanes, boats, ships or yachts owned or leased by each and every Judgment Debtor within the last three years and the state of registration of any such items.

4.     All documents that refer or relate to stock, commodities or option brokerage accounts, including without limitation any statements of account relating thereto, stock certificates, receipts or sales records related to stocks, notes, bonds, debentures or options that each and every Judgment Debtor currently owns or has owned, jointly or individually, in the past three years.

5.     All documents that refer or relate to any indebtedness or monetary obligation owed to each and every Judgment Debtor, jointly or individually, by any person or entity.

6.     All documents that refer or relate to any monetary obligation or judgment owed by each and every Judgment Debtor, jointly or individually, to any person or entity.

7.     The joint and/or individual financial statements of each and every Judgment Debtor for the past 3 years, including all balance sheets, income statements, and profit and loss statements.

8.     The last three federal, state, or local income tax returns for each and every Judgment Debtor, including without limitation all returns, schedules, worksheets and other attachments, whether filed jointly or individually.

9.     All documents that refer or relate to any contract for goods or services to be provided by any of the Judgment Debtors, jointly or individually, to any third parties or any other of the Judgment Debtors.

10.     All documents that refer or relate to any loan applications made by each and every Judgment Debtor, jointly or individually, and any responses to those loan applications.

11.     All documents that refer or relate to any tangible or intangible assets that each and every Judgment Debtor has or has had an interest in, jointly or individually.

FILED DATE: 11/23/2020 4:32 PM    2020L050150

## CERTIFICATE OF ATTORNEY

In the Circuit Court of Cook County, Judge John J. Curry, Jr., presiding, a judgment was entered on October 2, 2020, in Case No. 2020 L 050150 in favor of A. Robert Abboud and Company and against Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally, in the total amount of $754,923.53. A balance of $754,923.53, plus additional interest, remains unsatisfied.

I, the undersigned certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that all information stated herein is true.

_/s/ Jacob B. Berger_
Attorney

Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.  38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

WITNESS:

_____, 2020

11/23/2020 4:32 PM DOROTHY BROWN
_____
Clerk of the Circuit Court of Cook County

FILED DATE: 11/23/2020 4:32 PM    2020L050150

## **CITATION NOTICE**

| | |
|---|---|
| Name of Court: | Circuit Court of Cook County, Illinois<br>County Department, Law Division, Tax & Miscellaneous Remedies Section<br>Hon. Patrick J. Heneghan<br>Room 2503<br>Richard J. Daley Center<br>50 West Washington<br>Chicago, Illinois 60602 |
| Name of Case: | *A. Robert Abboud and Company v. Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas* |
| Name of Judgment Creditor(s): | A. Robert Abboud and Company |
| Name of Judgment Debtor(s): | Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally |
| Address of Judgment Debtor(s): | Skyline at Mary Brickell Village, L.P.<br>c/o National Registered Agents, Inc.<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>Skyline at Mary Brickell Village, L.P.<br>c/o Evangeline Gouletas<br>801 Brickell Avenue<br>PH-1, Suite 2560<br>Miami, Florida 33131<br><br>Skyline at Mary Brickell Village, L.P.<br>c/o Evangeline Gouletas<br>505 North Lake Shore Drive<br>Suite 207<br>Chicago, Illinois 60611<br><br>Skyline on Brickell, Ltd.<br>c/o Richard Schroeder, Registered Agent<br>505 N. Lake Shore Drive<br>Suite 214<br>Chicago, IL 60611<br><br>Skyline on Brickell, Ltd.<br>c/o Evangeline Gouletas<br>505 North Lake Shore Drive<br>Suite 207<br>Chicago, Illinois 60611 |

FILED DATE: 11/23/2020 4:32 PM    2020L050150

Skyline on Brickell, Ltd.
800 Brickell Avenue
Suite 201
Miami, FL 33131

Skyline on Brickell, Ltd.
c/o Skyline on Brickell Manager, LLC, Manager
800 Brickell Avenue
Suite 310
Miami, FL 33131

Skyline on Brickell, Ltd.
c/o Evangeline Gouletas
801 Brickell Avenue
PH-1, Suite 2560
Miami, Florida 33131

Lake Point Tower Renaissance Plaza, LLC
c/o Evangeline Gouletas, Registered Agent
505 North Lake Shore Drive
Suite 207
Chicago, Illinois 60611

Lake Point Tower Renaissance Plaza, LLC
c/o Evangeline Gouletas, Manager
2101 Brickell Ave.
Suite 103
Miami, FL 33129

Lake Point Tower Renaissance Plaza, LLC
c/o Evangeline Gouletas
801 Brickell Avenue
PH-1, Suite 2560
Miami, Florida 33131

Skyline Equities Realty, LLC
c/o Evangeline Gouletas, Registered Agent
505 North Lake Shore Drive
Suite 214
Chicago, IL 60611
Skyline Equities Realty, LLC
c/o Evangeline Gouletas
505 North Lake Shore Drive
Suite 207
Chicago, Illinois 60611

Skyline Equities Realty, LLC
505 North Lake Shore Drive
Suite 4204
Chicago, IL 60611

FILED DATE: 11/23/2020 4:32 PM     2020L050150

Skyline Equities Realty, LLC
801 Brickell Avenue
PH-1, Suite 2560
Miami, Florida 33131

Cite, LLC
c/o Richard E. Schroeder, Registered Agent
5228 Central Avenue
Western Springs, IL 60558

Cite, LLC
c/o Evangeline Gouletas
505 N. Lake Shore Dr.
Suite 207
Chicago, IL 60611

Cite, LLC
c/o Evangeline Gouletas, Manager
2101 Brickell Ave.
Suite 103
Miami, FL 33129

Cite, LLC
c/o Evangeline Gouletas
801 Brickell Avenue
PH-1, Suite 2560
Miami, Florida 33131

Evangeline Gouletas
505 North Lake Shore Drive
Suite 207
Chicago, Illinois 60611

Evangeline Gouletas
505 North Lake Shore Drive
Suite 214
Chicago, IL 60611

Evangeline Gouletas
801 Brickell Avenue
PH-1, Suite 2560
Miami, Florida 33131

Evangeline Gouletas
2101 Brickell Ave.
Suite 103
Miami, FL 33129

FILED DATE: 11/23/2020 4:32 PM   2020L050150

Name and address of
Attorney for Judgment
Creditor:                          Timothy A. Hudson
                                   Jacob B. Berger
                                   Tabet DiVito & Rothstein LLC
                                   209 South LaSalle Street, 7th Floor
                                   Chicago, Illinois  60604
                                   (312) 762-9453

Amount of Judgment:                $754,923.53
                                   $754,923.53 remains unsatisfied, plus additional interest

Name of Person Receiving
Citation:                          Cite, LLC

Court Date and Time:               ___December 15___, 2020  at  _9:30 a.m._

    **NOTICE**: The Court has issued a citation against the person named above.  The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest.  The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.  On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

    The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law.  The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

    (1) Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits; veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

    (2)    Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

    (3)    Under Illinois law, the amount of wages that may be applied toward a judgment is limited the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage or, under a

FILED DATE: 11/23/2020 4:32 PM     2020L050150

wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

(4)     Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

(5)     Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at 50 West Washington Street, Rm. 1001, Chicago, Illinois 60602. When so notified, the Clerk of the Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing. This notice may be sent by regular first class mail.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 23, 2020, he caused a copy of the Citation to Discover Assets to Judgment Debtor and Citation Notice to be served, via certified mail return receipt requested, on the party listed below:

**Cite, LLC**
**c/o Richard E. Schroeder, Registered Agent**
**5228 Central Avenue**
**Western Springs, IL 60558**

**Cite, LLC**
**c/o Evangeline Gouletas**
**505 N. Lake Shore Dr.**
**Suite 207**
**Chicago, IL 60611**

**Cite, LLC**
**c/o Evangeline Gouletas, Manager**
**2101 Brickell Ave.**
**Suite 103**
**Miami, FL 33129**

**Cite, LLC**
**c/o Evangeline Gouletas**
**801 Brickell Avenue**
**PH-1, Suite 2560**
**Miami, Florida 33131**

I, the undersigned, certify to the Court, under penalties as provided by law pursuant to 735 ILCS 5/1-109 that all information stated herein is true and correct.

*/s/ Jacob B. Berger*
Attorney

FILED DATE: 11/23/2020 4:32 PM  2020L050150

FILED DATE: 11/23/2020 4:32 PM   2020L050150

# Exhibit 1

FILED DATE: 11/23/2020 4:32 PM   2020L050150

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

A. ROBERT ABBOUD AND COMPANY,

      Plaintiffs,

  vs.

SKYLINE AT MARY BRICKELL
VILLAGE, L.P., SKYLINE ON BRICKELL,
LTD., LAKE POINT TOWER
RENAISSANCE PLAZA, LLC, SKYLINE
EQUITIES REALTY, LLC, CITE, LLC, and
EVANGELINE GOULETAS,

      Defendants.

No. 2020 L 050150

## JUDGMENT ORDER

    This matter coming before the Court on Plaintiff A. Robert Abboud and Company's
("ARACO") Verified Application for Confession of Judgment and Amended and Renewed Motion
for Entry of Judgment by Confession, the Court being fully apprised in the premises, **IT IS
HEREBY ORDERED**:

    1.    ARACO's Verified Application for Confession of Judgment and its Amended and
Renewed Motion for Entry of Judgment by Confession are **GRANTED**.

    2.    A judgment by confession is entered in favor of ARACO and against Defendants
Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance
Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and
severally, in the amount of $750,322.28 for amounts due and owing under the Promissory Note
(exclusive of attorneys' fees) as of July 24, 2020.

    3.    A judgment by confession is entered in favor of ARACO and against Defendants
Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance
Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and
severally, in the amount of $4,601.25 for its reasonable attorneys' fees and costs expended by
ARACO in connection with enforcing the Promissory Note and Unconditional Guaranty;

4.    Post-judgment interest shall accrue on the judgment in the amount of at the rate of 12% per annum from the date this judgment is entered until the date the judgment is fully satisfied.

Dated: _____

ENTERED:

_____

Judge John J. Curry, Jr.

OCT 02 2020

Circuit Court—2126

**ORDER PREPARED BY:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St.
7th Floor
Chicago, IL 60604
(312) 762-9450
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm ID: 32834

I hereby certify that the document to which this certification is affixed is a true copy.

Date DOROTHY BROWN OCT 9 - 2020

Dorothy Brown
Clerk of the Circuit Court
of Cook County, IL

FILED DATE: 11/23/2020 4:32 PM · 2020L050150

FILED DATE: 12/16/2020 11:15 AM   2020L050150

FILED
12/16/2020 11:15 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L050150

### CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION
### TAX & MISCELLANEOUS REMEDIES SECTION

A. ROBERT ABBOUD AND COMPANY,

             Plaintiffs,

    vs.

SKYLINE AT MARY BRICKELL
VILLAGE, L.P., SKYLINE ON BRICKELL,
LTD., LAKE POINT TOWER
RENAISSANCE PLAZA, LLC, SKYLINE
EQUITIES REALTY, LLC, CITE, LLC, and
EVANGELINE GOULETAS,

             Defendants.

No. 2020 L 050150

Honorable Patrick J. Heneghan

Calendar 5

## NOTICE OF FILING

**To**:   *See Certificate of Service.*

    **PLEASE TAKE NOTICE** that on December 29, 2020, we filed with the Clerk of the

Circuit Court of Cook County, County Department, Law Division, Tax & Miscellaneous

Remedies Section, the attached proofs of service by certified mail of the Citations to Discover

Assets to Cite, LLC and Skyline on Brickell, Ltd.  The proofs of service are attached hereto as

**Exhibit 1**.

Dated: December 16, 2020

Respectfully submitted,

**A. ROBERT ABBOUD AND COMPANY**

Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, Suite 700
Chicago, IL  60604
Firm No.: 38234
(312) 762-9450
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.: 38234

By:      /s/ Jacob B. Berger
           One of Its Attorneys

FILED DATE: 12/16/2020 11:15 AM    2020L050150

## CERTIFICATE OF SERVICE

Jacob B. Berger, an attorney, hereby certifies that on December 16, 2020, he caused a

copy of the foregoing **Notice of Filing** and **Proof of Service** to be served via U.S. mail upon the

parties listed below.

**Cite, LLC**
**c/o Richard E. Schroeder, Reg. Agent**
**5228 Central Avenue**
**Western Springs, IL 60558**

**Cite, LLC**
**c/o Evangeline Gouletas, Manager**
**2101 Brickell Ave.**
**Miami, FL 33129**

**Cite, LLC**
**c/o Evangeline Gouletas, Manager**
**2101 Brickell Ave.**
**Suite 103**
**Miami, FL 33129**

**Skyline on Brickell, Ltd.**
**c/o Evangeline Gouletas**
**801 Brickell Avenue**
**PH-1, Suite 2560**
**Miami, Florida 33131**

**Skyline on Brickell, Ltd.**
**c/o Evangeline Gouletas**
**2101 Brickell Ave.**
**Miami, FL 33129**

**Skyline on Brickell, Ltd.**
**c/o Evangeline Gouletas**
**2101 Brickell Ave.**
**Suite 103**
**Miami, FL 33129**

**Skyline on Brickell, Ltd.**
**c/o Richard Schroeder, Registered Agent**
**505 N. Lake Shore Drive**
**Suite 214**
**Chicago, IL 60611**

**Skyline Equities Realty, LLC**
**801 Brickell Avenue**
**PH-1, Suite 2560**
**Miami, Florida 33131**

FILED DATE: 12/16/2020 11:15 AM  2020L050150

**Skyline Equities Realty, LLC**
c/o Evangeline Gouletas
2101 Brickell Ave.
Miami, FL 33129

**Skyline Equities Realty, LLC**
c/o Evangeline Gouletas
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Skyline at Mary Brickell Village, L.P.**
c/o Evangeline Gouletas,
2101 Brickell Ave.
Miami, FL 33129

**Skyline at Mary Brickell Village, L.P.**
c/o Evangeline Gouletas
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Lake Point Tower Renaissance Plaza, LLC**
c/o Evangeline Gouletas
2101 Brickell Ave.
Miami, FL 33129

**Lake Point Tower Renaissance Plaza, LLC**
c/o Evangeline Gouletas, Manager
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Evangeline Gouletas**
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Evangeline Gouletas**
2101 Brickell Ave.
Suite 103
Miami, FL 33129

/s/ Jacob B. Berger

FILED DATE: 12/16/2020 11:15 AM   2020L050150

# Exhibit 1

Case 2:21-cv-07308 Claim 9-1 Filed 12/16/21 Desc Main Document Page 46 of 77
Case 2:21-cv-07308 Claim 9-1 Filed 12/16/21 Entered 12/16/21 11:15:04 Page 46 of 77
73 of 104

FILED DATE: 12/16/2020 11:15 AM 2020L050150

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Cite, LLC
c/o Richard E. Schroeder, Reg. Agent
5228 Central Avenue
Western Springs, IL 60558

9590 9402 3303 7196 4529 99

2. Article Number (Transfer from service label)
7019 2280 0000 5755 3783

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
RICHARD SCHROEDER   12/3/20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Cite, LLC
c/o Evangeline Gouletas, Manager
2101 Brickell Ave.
Suite 103
Miami, FL 33129

9590 9402 3303 7196 4529 82

2. Article Number (Transfer from service label)
7019 2280 0000 5755 3776

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
PT 06419   12-04-20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Skyline on Brickell, Ltd.
c/o Evangeline Gouletas
801 Brickell Avenue
PH-1, Suite 2560
Miami, Florida 33131

9590 9402 5451 9189 9110 56

2. Article Number (Transfer from service label)
7017 2620 0000 3043 4692

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
CIG   12-3-20

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

DEC 07 2020

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

FILED
12/8/2020 3:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L050150
11413806

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
TAX & MISCELLANEOUS REMEDIES SECTION**

A. ROBERT ABBOUD AND COMPANY,

                    Plaintiffs,

        vs.

SKYLINE AT MARY BRICKELL
VILLAGE, L.P., SKYLINE ON BRICKELL,
LTD., LAKE POINT TOWER
RENAISSANCE PLAZA, LLC, SKYLINE
EQUITIES REALTY, LLC, CITE, LLC, and
EVANGELINE GOULETAS,

                    Defendants.

No. 2020 L 050150

Honorable Patrick J. Heneghan

Calendar 5

<u>**AMENDED NOTICE OF FILING**</u>

**To**:    *See Certificate of Service.*

        PLEASE TAKE NOTICE that on December 8, 2020, we filed with the Clerk of the

Circuit Court of Cook County, County Department, Law Division, Tax & Miscellaneous

Remedies Section, **Affidavit of Service on Evangeline Gouletas** of the following documents:

- **Corrected Citation to Discover Assets to Judgment Debtor Evangeline Gouletas**
- **Citation to Discover Assets to Judgment Debtor Skyline Equities Realty, LLC**
- **Citation to Discover Assets to Judgment Debtor Skyline at Mary Brickell Village, L.P.**
- **Citation to Discover Assets to Judgment Debtor Skyline at Brickell Ltd.**
- **Citation to Discover Assets to Judgment Debtor Cite, LLC**
- **Citation to Discover Assets to Judgment Debtor Lake Point Tower Renaissance Plaza, LLC**

a copy of which is hereby attached and served upon you.

Dated: December 8, 2020

Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, Suite 700
Chicago, IL  60604
Firm No.: 38234
(312) 762-9450
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.: 38234

Respectfully submitted,

**A. ROBERT ABBOUD AND COMPANY**

By:  _____/s/ Jacob B. Berger_____
                One of Its Attorneys

FILED DATE: 12/8/2020 3:25 PM    2020L050150

FILED DATE: 12/8/2020 3:25 PM    2020L050150

## AMENDED CERTIFICATE OF SERVICE

Jacob B. Berger, an attorney, hereby certifies that on December 8, 2020, he caused a copy of the foregoing **Notice of Filing** and **Affidavit of Service on Evangeline Gouletas** to be served via U.S. mail upon the parties listed below.

**Cite, LLC**
**c/o Richard E. Schroeder, Reg. Agent**
**5228 Central Avenue**
**Western Springs, IL 60558**

**Cite, LLC**
**c/o Evangeline Gouletas, Manager**
**2101 Brickell Ave.**
**Miami, FL 33129**

**Cite, LLC**
**c/o Evangeline Gouletas, Manager**
**2101 Brickell Ave.**
**Suite 103**
**Miami, FL 33129**

**Skyline on Brickell, Ltd.**
**c/o Evangeline Gouletas**
**801 Brickell Avenue**
**PH-1, Suite 2560**
**Miami, Florida 33131**

**Skyline on Brickell, Ltd.**
**c/o Evangeline Gouletas**
**2101 Brickell Ave.**
**Miami, FL 33129**

**Skyline on Brickell, Ltd.**
**c/o Evangeline Gouletas**
**2101 Brickell Ave.**
**Suite 103**
**Miami, FL 33129**

**Skyline on Brickell, Ltd.**
**c/o Richard Schroeder, Registered Agent**
**505 N. Lake Shore Drive**
**Suite 214**
**Chicago, IL 60611**

**Skyline Equities Realty, LLC**
**801 Brickell Avenue**
**PH-1, Suite 2560**
**Miami, Florida 33131**

FILED DATE: 12/8/2020 3:25 PM    2020L050150

**Skyline Equities Realty, LLC**
c/o Evangeline Gouletas
2101 Brickell Ave.
Miami, FL 33129

**Skyline Equities Realty, LLC**
c/o Evangeline Gouletas
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Skyline at Mary Brickell Village, L.P.**
c/o Evangeline Gouletas,
2101 Brickell Ave.
Miami, FL 33129

**Skyline at Mary Brickell Village, L.P.**
c/o Evangeline Gouletas
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Lake Point Tower Renaissance Plaza, LLC**
c/o Evangeline Gouletas
2101 Brickell Ave.
Miami, FL 33129

**Lake Point Tower Renaissance Plaza, LLC**
c/o Evangeline Gouletas, Manager
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Evangeline Gouletas**
2101 Brickell Ave.
Suite 103
Miami, FL 33129

**Evangeline Gouletas**
2101 Brickell Ave.
Suite 103
Miami, FL 33129

/s/ Jacob B. Berger

## <u>VERIFIED RETURN OF SERVICE</u>

FILED
12/8/2020 3:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L050150
Circuit Court
11413806

**State of Illinois**                          **County of Cook**

Case Number: 2020 L 050150    Court Date: 12/15/2020  9:30 am

Plaintiff:
**A. ROBERT ABBOUD AND COMPANY,**

vs.

Defendant:
**SKYLINE AT MARY BRICKELL VILLAGE, L.P., SKYLINE ON BRCKELL, LTD., LAKE POINT TOWER RENAISSANCE PLAZA, LLC SKYLINE EQUITIES REALTY, LLC CITE, LLC, AND EVANGELINE GOULETAS,**

For:
Jacob Berger
TABET DIVITO & BOTHSTEIN LLC
209 South Lasalle St
7th Floor
Chicago, IL 60604

Received by SIGNED, SEALED & DELIVERED INC. on the 4th day of December, 2020 at 10:43 am to be served on **EVANGELINE GOULETAS, 2101 Brickell Ave., MIAMI, FL 33129**

I, RAMON ALMONTE, do hereby affirm that on the **7th day of December, 2020** at **12:15 pm, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **CORRECTED CITATION TO DISCOVER ASSETS TO JUDGMENT DEBTOR, Corrected Citation to Discover Assets to Judgment Debtor Evangeline Gouletas;Citation to Discover Assets to Judgment Debtor Skyline Equities Realty, LLC;Citation to Discover Assets to Judgment Debtor Skyline at Mary Brickell Village, L.P.;Citation to Discover Assets to Judgment Debtor Skyline at Brickell Ltd.;Citation to Discover Assets to Judgment Debtor Cite, LLC; and Citation to Discover Assets to Judgment Debtor Lake Point Tower Renaissance Plaza, LLC CITATION NOTICE, EXHIBIT AND JUDGMENT ORDER,** with the date and hour of service endorsed thereon by me, to: **EVANGELINE GOULETAS** at the address of: **2101 Brickell Ave., MIAMI, FL 33129**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 65+, Sex: F, Race/Skin Color: W, Height: 5'3, Weight: 130, Hair: Light Brown, Glasses: Y

FILED DATE: 12/8/2020 3:25 PM    2020L050150



## **VERIFIED RETURN OF SERVICE For 2020 L 050150**

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. UNDER PENALTY OF PERJURY, I declare that I have read the foregoing proof of service and that the facts stated in it are true.(F.S.92.525) NO NOTARY REQUIRED PURSUANT TO F.S.92.525S).

**RAMON ALMONTE**
Process Server 1790

**SIGNED, SEALED & DELIVERED INC.**
**777 SOUTH FLAGLER DRIVE**
**SUITE 800 WEST TOWER**
**WEST PALM BEACH, FL 33401**
**(561) 655-0205**

Our Job Serial Number: SSD-2020001598

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

FILED DATE: 12/8/2020 3:25 PM    2020L050150

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
TAX & MISCELLANEOUS REMEDIES SECTION

A. ROBERT ABBOUD AND COMPANY,

      Plaintiffs,

      vs.

SKYLINE AT MARY BRICKELL VILLAGE,
L.P., SKYLINE ON BRICKELL, LTD., LAKE
POINT TOWER RENAISSANCE PLAZA, LLC,
SKYLINE EQUITIES REALTY, LLC, CITE,
LLC, and EVANGELINE GOULETAS,

      Defendants.

No. 2020 L 050150

Calendar 5

Hon. Patrick J. Heneghan

## ORDER

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, and judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel and no person or counsel appearing for the Citation Respondents, it is hereby **ORDERED**:

1.    This matter is set for a status on December 29, 2020 at 10:00 a.m. regarding status of the Citation Respondents' appearances and compliance with the Citations.

2.    If the Citation Respondents fail to appear at the December 29, 2020 at 10:00 a.m. status hearing, the Court may issue a Rule to Show Cause to the Citation Respondents for their failure to appear.

3.    Should ARACO wish to seek a Rule to Show Cause against the Citation Respondents for failure to appear at the next status hearing, ARACO shall submit proofs of service of the Citations and the Notice of Remotely Conducted Proceedings for the December 29, 2020 status hearing to the Court via e-mail to ann.ostrowski@cookcountyil.gov in advance of the December 29, 2020 status hearing.

4.    The Citations remain in full force and effect until further order of the Court.

Dated: _____

ENTER:

_____
Hon. Patrick J. Heneghan
Associate Judge Patrick J. Heneghan

DEC 15 2020

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.  38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
TAX & MISCELLANEOUS REMEDIES SECTION**

A. ROBERT ABBOUD AND COMPANY,

        Plaintiffs,

    vs.

SKYLINE AT MARY BRICKELL VILLAGE,
L.P., SKYLINE ON BRICKELL, LTD., LAKE
POINT TOWER RENAISSANCE PLAZA, LLC,
SKYLINE EQUITIES REALTY, LLC, CITE,
LLC, and EVANGELINE GOULETAS,

        Defendants.

No. 2020 L 050150

Calendar 5

Hon. Patrick J. Heneghan

<u>**ORDER**</u>

    This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, and judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel and the Citation Respondents appearing through Evangeline Gouletas and counsel, it is hereby **ORDERED**:

    1.    The Citation Respondents are granted leave to file their appearances on or before January 5, 2021.

    2.    This matter is set for a remote status conference via Zoom on February 24, 2021 at 11:30 a.m. regarding the Citation Respondents responses to the Citations, production of documents responsive to the Citations, and the Citation Respondents citation examinations.

    3.    The Citations remain in full force and effect until further order of the Court.

Dated: _____

ENTER: _____

Hon. Patrick J. Heneghan

Associate Judge Patrick J. Heneghan

DEC 2 9 2020

Circuit Court -2155

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.  38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**
**TAX & MISCELLANEOUS REMEDIES SECTION**

| | |
|---|---|
| A. ROBERT ABBOUD AND COMPANY, | |
| Plaintiffs, | |
| vs. | No. 2020 L 050150 |
| SKYLINE AT MARY BRICKELL VILLAGE, L.P., SKYLINE ON BRICKELL, LTD., LAKE POINT TOWER RENAISSANCE PLAZA, LLC, SKYLINE EQUITIES REALTY, LLC, CITE, LLC, and EVANGELINE GOULETAS, | Calendar 5 |
| | Hon. Patrick J. Heneghan |
| Defendants. | |

## ORDER

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, and judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel and the Citation Respondents appearing through counsel, it is hereby **ORDERED**:

1.     This matter is continued to March 18, 2021 at 10:30 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations.  The parties shall use the below Zoom information for the remote status conference:

Meeting ID:  967 3454 1119
Password:  268697
Dial-in number:  (312) 626-6799

2.     The Citations remain in full force and effect until further order of the Court.

Dated: _____

ENTER

_____
Hon. Patrick J. Heneghan

Associate Judge Patrick J. Heneghan

FEB 24 2021

Circuit Court -2155

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DiVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No. 38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
TAX & MISCELLANEOUS REMEDIES SECTION

A. ROBERT ABBOUD AND COMPANY,

          Plaintiffs,

    vs.

SKYLINE AT MARY BRICKELL VILLAGE,
L.P., SKYLINE ON BRICKELL, LTD., LAKE
POINT TOWER RENAISSANCE PLAZA, LLC,
SKYLINE EQUITIES REALTY, LLC, CITE,
LLC, and EVANGELINE GOULETAS,

          Defendants.

No. 2020 L 050150

Calendar 5

Hon. Patrick J. Heneghan

## ORDER

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

1.    The Citation Respondents shall produce any and all remaining documents that are responsive to the Citations on or before April 1, 2021.

2.    This matter is continued to April 14, 2021 at 10:30 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations and compliance with this Order. The parties shall use the below Zoom information for the remote status conference:

Meeting ID:  967 3454 1119
Password:  268697
Dial-in number:  (312) 626-6799

3.    The Citations remain in full force and effect until further order of the Court.

Dated: _____

ENTER:

_____
Hon. Patrick J. Heneghan

Associate Judge Patrick J. Heneghan

MAR 18 2021

Circuit Court -2155

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No. 38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
TAX & MISCELLANEOUS REMEDIES SECTION**

A. ROBERT ABBOUD AND COMPANY,

       Plaintiffs,

  vs.

SKYLINE AT MARY BRICKELL VILLAGE,
L.P., SKYLINE ON BRICKELL, LTD., LAKE
POINT TOWER RENAISSANCE PLAZA, LLC,
SKYLINE EQUITIES REALTY, LLC, CITE,
LLC, and EVANGELINE GOULETAS,

       Defendants.

No. 2020 L 050150

Calendar 5

Hon. Patrick J. Heneghan

## ORDER

    This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

    1.    This matter is continued to May 20, 2021 at 10:00 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations and compliance with the Court's March 18, 2021 Order, and scheduling of the judgment debtors' citation examinations. The parties shall use the below Zoom information for the remote status conference:

Meeting ID: 967 3454 1119
Password: 268697
Dial-in number: (312) 626-6799

    2.    The Citations remain in full force and effect until further order of the Court.

Dated: _____

ENTER:

_____
Hon. Patrick J. Heneghan

Associate Judge Patrick J. Heneghan

**APR 14 2021**

Circuit Court - 2155

Page 1 of 2

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.  38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
TAX & MISCELLANEOUS REMEDIES SECTION

A. ROBERT ABBOUD AND COMPANY,

       Plaintiffs,

    vs.

SKYLINE AT MARY BRICKELL VILLAGE,
L.P., SKYLINE ON BRICKELL, LTD., LAKE
POINT TOWER RENAISSANCE PLAZA, LLC,
SKYLINE EQUITIES REALTY, LLC, CITE,
LLC, and EVANGELINE GOULETAS,

       Defendants.

No. 2020 L 050150

Calendar 5

Hon. Patrick J. Heneghan

## ORDER

    This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

    1.   This matter is continued to June 10, 2021 at 9:30 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations and scheduling of the judgment debtors' citation examinations.  The parties shall use the below Zoom information for the remote status conference:

               Meeting ID:  967 3454 1119
                   Password:  268697
         Dial-in number:  (312) 626-6799

    2.   The Citations remain in full force and effect until further order of the Court.

Dated: _____

ENTER:

_____
Hon. Patrick J. Heneghan

Associate Judge Patrick J. Heneghan

MAY 2 0 2021

Circuit Court - 2155

Page 1 of 2

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.  38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
TAX & MISCELLANEOUS REMEDIES SECTION**

| | |
|---|---|
| A. ROBERT ABBOUD AND COMPANY, | |
| Plaintiffs, | |
| vs. | No. 2020 L 050150 |
| SKYLINE AT MARY BRICKELL VILLAGE, L.P., SKYLINE ON BRICKELL, LTD., LAKE POINT TOWER RENAISSANCE PLAZA, LLC, SKYLINE EQUITIES REALTY, LLC, CITE, LLC, and EVANGELINE GOULETAS, | Calendar 5 |
| | Hon. Patrick J. Heneghan |
| Defendants. | |

**<u>ORDER</u>**

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goultea, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

1.      This matter is continued to August 12, 2021 at 10:30 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations and completion of the judgment debtors' citation examinations.  The parties shall use the below Zoom information for the remote status conference:

Meeting ID:  967 3454 1119
Password:  268697
Dial-in number:  (312) 626-6799

2.      The Citations remain in full force and effect until further order of the Court.

Dated: _____

ENTER:

_____
Hon. Patrick J. Heneghan

Associate Judge Patrick J. Heneghan

JUN 10 2021

Circuit Court - 2155

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION
## TAX & MISCELLANEOUS REMEDIES SECTION

| | |
|---|---|
| A. ROBERT ABBOUD AND COMPANY, | |
| Plaintiffs, | |
| vs. | No. 2020 L 050150 |
| SKYLINE AT MARY BRICKELL VILLAGE, L.P., SKYLINE ON BRICKELL, LTD., LAKE POINT TOWER RENAISSANCE PLAZA, LLC, SKYLINE EQUITIES REALTY, LLC, CITE, LLC, and EVANGELINE GOULETAS, | Calendar 5 |
| | Hon. Patrick J. Heneghan |
| Defendants. | |

## ORDER

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

1.     This matter is continued to September 2, 2021 at 10:30 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations and status of the judgment debtors' citation examinations. The parties shall use the below Zoom information for the remote status conference:

Meeting ID:  967 3454 1119
Password:  268697
Dial-in number:  (312) 626-6799

2.     The Citations remain in full force and effect until further order of the Court.

Dated: _____ Associate Judge Patrick J. Heneghan

**AUG 1 2 2021**

Circuit Court - 2155

ENTER: _____

_____
Hon. Patrick J. Heneghan

**<u>Order Prepared By:</u>**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No.  38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

Case 22-30208 Claim 9-1 Filed 02/16/22 Entered 12/16/22 22:37:04 Page 67 of 77

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**
**TAX & MISCELLANEOUS REMEDIES SECTION**

| | |
|---|---|
| A. ROBERT ABBOUD AND COMPANY, | |
| Plaintiffs, | |
| vs. | No. 2020 L 050150 |
| | Calendar 5 |
| SKYLINE AT MARY BRICKELL VILLAGE, L.P., SKYLINE ON BRICKELL, LTD., LAKE POINT TOWER RENAISSANCE PLAZA, LLC, SKYLINE EQUITIES REALTY, LLC, CITE, LLC, and EVANGELINE GOULETAS, | Hon. Patrick J. Heneghan |
| Defendants. | |

<u>**ORDER**</u>

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

1.    This matter is continued to September 30, 2021 at 9:30 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations, status of the Citation Respondents' citation examinations, and status of settlement.  The parties shall use the below Zoom information for the remote status conference:

Meeting ID:  967 3454 1119
Password:  268697
Dial-in number:  (312) 626-6799

2.    The Citations remain in full force and effect until further order of the Court.

Associate Judge Patrick J. Heneghan

Dated: _____
SEP 02 2021

Circuit Court - 2155

ENTER:

_____
Hon. Patrick J. Heneghan

Page 1 of 2

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No. 38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**
**TAX & MISCELLANEOUS REMEDIES SECTION**

A. ROBERT ABBOUD AND COMPANY,

    Plaintiffs,

vs.

SKYLINE AT MARY BRICKELL VILLAGE,
L.P., SKYLINE ON BRICKELL, LTD., LAKE
POINT TOWER RENAISSANCE PLAZA, LLC,
SKYLINE EQUITIES REALTY, LLC, CITE,
LLC, and EVANGELINE GOULETAS,

    Defendants.

No. 2020 L 050150

Calendar 5

Hon. Patrick J. Heneghan

**AGREED ORDER**

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents"), due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

1.    The Citation Respondents shall produce any supplemental or additional documents to ARACO on or before October 26, 2021.

2.    This matter is continued to November 18, 2021 at 9:30 a.m. via Zoom for a remote status conference regarding the status of the Citation Respondents' production of documents in response to the Citations and status of the Citation Respondents' citation examinations. The parties shall use the below Zoom information for the remote status conference:

    Meeting ID: 967 3454 1119
    Password: 268697
    Dial-in number: (312) 626-6799

3.    The Citations remain in full force and effect until further order of the Court.

Dated:   Associate Judge Patrick J. Heneghan

SEP 3 0 2021

Circuit Court - 2155

ENTER:

Hon. Patrick J. Heneghan

Page 1 of 2

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No. 38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**
**TAX & MISCELLANEOUS REMEDIES SECTION**

| | |
|---|---|
| A. ROBERT ABBOUD AND COMPANY, | |
| Plaintiffs, | |
| vs. | No. 2020 L 050150 |
| SKYLINE AT MARY BRICKELL VILLAGE, L.P., SKYLINE ON BRICKELL, LTD., LAKE POINT TOWER RENAISSANCE PLAZA, LLC, SKYLINE EQUITIES REALTY, LLC, CITE, LLC, and EVANGELINE GOULETAS, | Calendar 5 |
| | Hon. Patrick J. Heneghan |
| Defendants. | |

## AGREED ORDER

This matter coming before the Court on the Citations to Discover Assets (collectively, the "Citations") to judgment debtors/citation respondents Evangeline Goulteas, Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, and Cite, LLC (collectively, the "Citation Respondents") and for status regarding the Citation Respondents' document production and scheduling of their citation examinations, due notice having been given, the Court being fully apprised in the premises, judgment creditor A. Robert Abboud and Company ("ARACO") appearing through counsel, and the Citation Respondents not appearing personally or through counsel, it is hereby **ORDERED**:

1.      This matter is continued to January 20, 2022 at 9:30 a.m. via Zoom for a remote status conference regarding the status of scheduling the Citation Respondents' citation examinations and regarding any sales of the Citation Respondents' assets.  The parties shall use the below Zoom information for the remote status conference:

Meeting ID:  967 3454 1119
Password:  268697
Dial-in number:  (312) 626-6799

2.      The Citations remain in full force and effect until further order of the Court.

Dated: _____          ENTER: _____

Associate Judge
Thomas More Donnelly

NOV 1 8 2021

Circuit Court - 1803

_____
JUDGE

Page 1 of 2

**Order Prepared By:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St., 7th Floor
Chicago, IL 60604
Tel: (312) 762-9450
Fax: (312) 762-9451
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm No. 38234

*Attorneys for Judgment Creditor*
*A. Robert Abboud & Company.*



*2127719017*

Doc# 2127719017 Fee $88.00

RHSP FEE:$9.00 RPRF FEE: $1.00

KAREN A. YARBROUGH

COOK COUNTY CLERK

DATE: 10/04/2021 11:37 AM  PG:  1 OF 5

| Full name and address of document preparer: | Jacob Berger<br>TABET DIVITO & ROTHSTEIN LLC<br>209 South LaSalle Street<br>7th Floor<br>Chicago, Illinois 60604 |
|---|---|
| Complete legal description of property: | See Exhibit A attached hereto |
| Property Index Number (PIN): | 17-10-214-009-0000 |
| Property Address: | 505 North Lake Shore Drive<br>70th Floor<br>Chicago, Illinois 60611 |

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

A. ROBERT ABBOUD AND COMPANY,

      Plaintiffs,

    vs.

SKYLINE AT MARY BRICKELL
VILLAGE, L.P., SKYLINE ON BRICKELL,
LTD., LAKE POINT TOWER
RENAISSANCE PLAZA, LLC, SKYLINE
EQUITIES REALTY, LLC, CITE, LLC, and
EVANGELINE GOULETAS,

      Defendants.

No. 2020 L 050150

### JUDGMENT ORDER

This matter coming before the Court on Plaintiff A. Robert Abboud and Company's ("ARACO") Verified Application for Confession of Judgment and Amended and Renewed Motion for Entry of Judgment by Confession, the Court being fully apprised in the premises, **IT IS HEREBY ORDERED**:

1.    ARACO's Verified Application for Confession of Judgment and its Amended and Renewed Motion for Entry of Judgment by Confession are **GRANTED**.

2.    A judgment by confession is entered in favor of ARACO and against Defendants Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally, in the amount of $750,322.28 for amounts due and owing under the Promissory Note (exclusive of attorneys' fees) as of July 24, 2020.

3.    A judgment by confession is entered in favor of ARACO and against Defendants Skyline at Mary Brickell Village, L.P., Skyline on Brickell, Ltd., Lake Point Tower Renaissance Plaza, LLC, Skyline Equities Realty, LLC, Cite, LLC, and Evangeline Gouletas, jointly and severally, in the amount of $4,601.25 for its reasonable attorneys' fees and costs expended by ARACO in connection with enforcing the Promissory Note and Unconditional Guaranty;

Page 1 of 2

4.  Post-judgment interest shall accrue on the judgment in the amount of at the rate of 12% per annum from the date this judgment is entered until the date the judgment is fully satisfied.

Dated: _____

ENTERED:

Judge John J. Curry, Jr.

OCT 02 2020

Circuit Court - 2126

**ORDER PREPARED BY:**
Timothy A. Hudson
Jacob B. Berger
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle St.
7th Floor
Chicago, IL 60604
(312) 762-9450
thudson@tdrlawfirm.com
jberger@tdrlawfirm.com
Firm ID: 32834



I hereby certify that the document to which this certification is affixed is a true copy.
IRIS Y. MARTINEZ OCT 04 2021
IRIS Y. MARTINEZ
Clerk of the Circuit Court
of Cook County, IL

EXHIBIT A

PARCEL A - 70TH FLOOR (RESIDENTIAL PROPERTY):
ALL THAT PART OF LOT 7 IN CHICAGO DOCK AND CANAL COMPANY'S
PESHTIGO DOCK ADDITION IN SECTION 10, TOWNSHIP 39 NORTH,
RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, WHICH LIES
SOUTH OF THE SOUTH LINE OF GRAND AVENUE EXTENDED EAST;
NORTH OF THE NORTH LINE OF A STRIP OF LAND 74.00 FEET IN
WIDTH NOW USED AS EAST ILLINOIS STREET; WEST OF THE WEST
LINE OF STREETER DRIVE AND EAST OF THE EAST LINE OF NORTH
LAKE SHORE DRIVE, ESTABLISHED BY DEED DATED JULY 25, 1929
IN CONDEMNATION PROCEEDINGS GENERAL NUMBER B-177476 IN
CIRCUIT COURT OF COOK COUNTY, ILLINOIS, BOUNDED AND
DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT ON THE SOUTH LINE OF THE NORTH 74.00
FEET OF SAID LOT 7 WHICH IS THE SOUTH LINE OF EAST GRAND
AVENUE PER DOCUMENT NO. 5249665 SAID POINT BEING 357.76
FEET EAST OF THE WEST LINE OF SAID LOT 7; THENCE NORTH 89
DEGREES 43 MINUTES 30 SECONDS EAST ALONG SAID SOUTH LINE
396.73 FEET; THENCE SOUTH AT RIGHT ANGLES TO SAID SOUTH
LINE A DISTANCE OF 8.10 FEET TO THE POINT OF BEGINNING OF
THE PARCEL OF LAND HEREIN DESCRIBED; THENCE NORTH 89
DEGREES 42 MINUTES 29 SECONDS EAST 7.995 FEET TO A POINT
ON A CURVE; THENCE SOUTHEASTERLY 36.00 FEET ALONG THE ARC
OF A CIRCLE CONVEX TO THE NORTHEAST HAVING A RADIUS OF
23.28 FEET AND WHOSE CHORD BEARS SOUTH 45 DEGREES 59
MINUTES 36 SECONDS EAST, 32.52 FEET; THENCE SOUTH 1 DEGREE
30 MINUTES 24 SECONDS EAST 39.99 FEET TO A POINT ON A
CURVE; THENCE SOUTHEASTERLY 64.19 FEET ALONG THE ARC OF A
CIRCLE CONVEX TO THE SOUTHWEST HAVING A RADIUS OF 68.77
FEET AND WHOSE CHORD BEARS SOUTH 30 DEGREES 18 MINUTES 00
SECONDS EAST, 61.88 FEET; THENCE SOUTH 59 DEGREES 04
MINUTES 12 SECONDS EAST 39.95 FEET TO A POINT ON A CURVE;
THENCE SOUTHEASTERLY 36.01 FEET ALONG THE ARC OF A CIRCLE
CONVEX TO THE NORTHEAST, HAVING A RADIUS OF 23.28 FEET AND
WHOSE CHORD BEARS SOUTH 14 DEGREES 35 MINUTES 44 SECONDS
EAST, 32.52 FEET; THENCE SOUTH 29 DEGREES 42 MINUTES 29
SECONDS WEST, 15.99 FEET TO A POINT ON A CURVE; THENCE
SOUTHWESTERLY 36.00 FEET ALONG THE ARC OF A CIRCLE CONVEX
TO THE SOUTHEAST HAVING A RADIUS OF 23.28 FEET AND WHOSE
CHORD BEARS SOUTH 74 DEGREES 00 MINUTES 24 SECONDS WEST,
32.52 FEET; THENCE NORTH 61 DEGREES 30 MINUTES 24 SECONDS
WEST 39.99 FEET TO A POINT ON A CURVE; THENCE
SOUTHWESTERLY 64.19 FEET ALONG THE ARC OF A CIRCLE CONVEX
TO THE NORTHWEST HAVING A RADIUS OF 68.77 FEET AND WHOSE
CHORD BEARS SOUTH 89 DEGREES 42 MINUTES 00 SECONDS WEST
61.88 FEET; THENCE SOUTH 60 DEGREES 55 MINUTES 48 SECONDS
WEST 39.95 FEET TO A POINT ON A CURVE; THENCE
NORTHWESTERLY 36.01 FEET ALONG THE ARC OF A CIRCLE CONVEX
TO THE SOUTHWEST HAVING A RADIUS OF 23.28 FEET AND WHOSE
CHORD BEARS NORTH 74 DEGREES 35 MINUTES 44 SECONDS WEST,
32.52 FEET; THENCE NORTH 30 DEGREES 17 MINUTES 31 SECONDS

WEST 15.99 TO A POINT ON A CURVE; THENCE NORTHEASTERLY
36.00 FEET ALONG THE ARC OF A CIRCLE CONVEX TO THE
NORTHWEST, HAVING A RADIUS OF 23.28 FEET AND WHOSE CHORD
BEARS NORTH 14 DEGREES 00 MINUTES 24 SECONDS EAST 32.52
FEET; THENCE NORTH 58 DEGREES 29 MINUTES 41 SECONDS EAST
39.96 FEET TO A POINT ON A CURVE; THENCE NORTHEASTERLY
64.22 FEET ALONG THE ARC OF A CIRCLE CONVEX TO THE
SOUTHEAST HAVING A RADIUS OF 68.77 FEET AND WHOSE CHORD
BEARS NORTH 29 DEGREES 42 MINUTES 42 SECONDS EAST 61.91
FEET; THENCE NORTH 0 DEGREES 55 MINUTES 48 SECONDS EAST
39.95 FEET TO A POINT ON A CURVE; THENCE NORTHEASTERLY
36.01 FEET ALONG THE ARC OF A CIRCLE CONVEX TO THE
NORTHWEST, HAVING A RADIUS OF 23.28 FEET AND WHOSE CHORD
BEARS NORTH 45 DEGREES 24 MINUTES 16 SECONDS EAST 32.52
FEET; THENCE NORTH 89 DEGREES 42 MINUTES 29 SECONDS EAST
7.995 FEET TO THE HEREINABOVE DESCRIBED POINT OF
BEGINNING; SAID PARCEL OF LAND HAVING AS A LOWER LIMIT A
HORIZONTAL PLANE OF ELEVATION +639.01 FEET (CHICAGO CITY
DATUM), ALL IN COOK COUNTY, ILLINOIS.

ALSO;

PARCEL I (ELEVATOR SHAFT AT 70TH FLOOR);
ALL THAT PART OF LOT 7 IN CHICAGO DOCK AND CANAL COMPANY'S
PESHTIGO DOCK ADDITION IN SECTION 10, TOWNSHIP 39 NORTH,
RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, WHICH L ES
SOUTH OF THE SOUTH LINE OF GRAND AVENUE EXTENDED EAST;
NORTH OF THE NORTH LINE OF A STRIP OF LAND 74.00 FEET IN
WIDTH NOW USED AS EAST ILLINOIS STREET; WEST OF THE WEST
LINE OF STREETER DRIVE AND EAST OF THE EAST LINE OF NORTH
LAKE SHORE DRIVE, ESTABLISHED BY DEED DATED JULY 25, 1929
IN CONDEMNATION PROCEEDINGS GENERAL NUMBER B-177476 IN
CIRCUIT COURT OF COOK COUNTY, ILLINOIS, BOUNDED AND
DESCRIBED AS FOLLOWS:
COMMENCING AT A POINT ON THE SOUTH LINE OF THE NORTH 74.00
FEET OF SAID LOT 7 WHICH IS THE SOUTH LINE OF EAST GRAND
AVENUE PER DOCUMENT NO. 5249665 SAID POINT BEING 357.76
FEET EAST OF THE WEST LINE OF SAID LOT 7; THENCE NORTH 89
DEGREES 43 MINUTES 30 SECONDS EAST ALONG SAID SOUTH LINE
396.76 FEET; THENCE SOUTH 0 DEGREES 16 MINUTES 30 SECONDS
EAST, ALONG A LINE DRAWN PERPENDICULAR TO THE LAST
DESCRIBED COURSE A DISTANCE OF 117.87 FEET; THENCE SOUTH
89 DEGREES 43 MINUTES 30 SECONDS WEST, ALONG A LINE DRAWN
PERPENDICULAR TO THE LAST DESCRIBED COURSE A DISTANCE OF
11.88 FEET TO THE POINT OF BEGINNING OF THE PARCEL OF LAND
HEREIN DESCRIBED; THENCE SOUTH 60 DEGREES 17 MINUTES 18
SECONDS EAST, 1.51 FEET; THENCE SOUTH 29 DEGREES 42
MINUTES 42 SECONDS WEST, 5.00 FEET; THENCE NORTH 60
DEGREES 17 MINUTES 18 SECONDS WEST, 0.60 FEET; THENCE
SOUTH 29 DEGREES 42 MINUTES 42 SECONDS WEST, 2.00 FEET;
THENCE NORTH 60 DEGREES 17 MINUTES 18 SECONDS WEST, 9.20
FEET; THENCE NORTH 29 DEGREES 42 MINUTES 42 SECONDS EAST,
5.40 FEET; THENCE SOUTH 60 DEGREES 17 MINUTES 18 SECONDS
EAST, 0.45 FEET; THENCE NORTH 29 DEGREES 42 MINUTES 42